1   S. **R. Mitchell (SBN 172664)**
2   **Attorney at Law**
    **1300 Clay Street Suite 600**
3   **Oakland, CA 94612**
    **510.836.2097 (ph)/510.380.6431 (fax)**
4   **Attorney for Plaintiff**

5

6                 **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 8  **Boyd Real Property LLC, a California limited** | Civil Case No.: C1003142 THH ADR |
| 9  **liability company** | |
| 10              Plaintiff, | **Memorandum of Points and Authorities** |
| 11        vs. | **in Support of Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction.** |
| 12   **The Mario Juarez Selling Team (form of entity unknown); Mario Juarez, an** | |
| 13  **individual; The Neal Juarez LLC**, a California limited liability company; **Verdes Bio Fuel Company** | |
| 14  (form of entity unknown):**American First Financial Corp**, a California corporation; | |
| 15  **Fireside California Group**, a California corporation; **Francis Mabel Nunez**, an individual; | **Hearing Date:  TDB** |
| 16  **Erika Jordening**, an individual; **Edwin Ramirez**, an individual; **Jimena Olmos**, an individual; **Jennifer** | **Hearing Time:  TDB** |
| 17  **Juarez**, an individual; | |
| 18  **Jose Ontiveros**, an individual; **Dario Laza**, an individual, **Fernando "El Carinoso" Martinez**; an | **Court Room:    TDB** |
| 19  individual, **Will Jimenez**, an individual | |
| 20  **Adalberto "TITO" Gutierrez**, an individual, **Bernardo Villafuerte**, an individual, **Carmen Acosta**, | |
| 21  an individual, **Delia Dorantes**, an individual, **Eleyna Felix**, an individual, **Enedina "Dina" Munguia**, an | |
| 22  individual, **Ezequiel Zarate,** an individual, **Frank Coello**, an individual, | |
| 23  **Gaberiel Ortiz**, an individual **Irma Reynoso,** an individual, **Jonathan Izazaga,** an individual, **Rosa** | |
| 24  **Valencia**, an individual, **Rosalia Negron**, an individual, **Sonia Dominguez**, an individual, | |
| 25  **Stephanie Candevan**, an individual, **Sue Mei,** an individual, **Wilfred Negron**, an individual | |
| 26  **Does 1-10.** | |
| 27              Defendants. | |
| 28 | |

                   **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff file this application for a TRO and Preliminary Injunction to prevent further harm from the trespassing occupants of the real property identified as 4030A International Blvd. Oakland, Ca 94601.  Defendants gained control of the property through fraud and deceit and have exploited both the California landlord-tenant laws, the US. Bankruptcy laws, legal counsel that engage in deceptive legal practices, and now attempt to commit a fraud on this Court, to evade ejection from the property.  Why? Defendants are operating unlicensed and illegal business operations at the site WITHOUT PAYMENT OF ANY RENT OR PAYMENT OF ANY COST OF OPERATIONS including water, sewage, electricity, security or other normal business related expenses. Mario Juarez, the Owner of The Mario Juarez Selling Team, is the leaders of the conspiracy to defraud and evade ejection from the property.   In short, Plaintiff is trying to eject good old fashioned non-paying squatters from its property.

This is a case about a dispute and an effort by commercial real property owners to eject trespassers from their property.  The plaintiff seeks to regain possession of its real property from persons and occupants who have unlawfully gained control and entry through trick and fraud and have refused to release possession.  They continue to occupy the property without paying rent or paying for utilities.  Further, they are engaging in unlawful activities on the property and creating a form of environmental health hazard by unlawfully dumping human waste and debris on the property.

Furthermore, this case involves a pattern and practice of fraud and deceit by Mendez and Juarez acting individually and in concert with the intent to defraud creditors.  Mendez and Juarez have formed numerous corporate entities to execute shall games to deprive consumers, creditors and federal, state and local tax collection agencies of recourse to recover their loses from unpaid debts. Eleven entities discovered to date link to Juarez and Mendez as their current alter egos, abandoned alter egos or shell companies including: The Mario Juarez Selling Team, Mario

Juarez Realtor, American First Financial Corporation, Fireside Realty Company, Fireside California Group, The Judicial Group, The United Judicial Group, Folden Enterprises, Terrocota LLC, The Neal Juarez LLC, and Verdes Bio Fuel Company.

The list of alleged unlawful activities in violation of California Business & Professions Code § 17200 include perjury, suborning perjury, trespass, theft, conversion, embezzlement, fraudulent conveyance, violations of federal laws prohibiting unfair competition, including 15 USC § 45, Federal Bankruptcy Fraud 11 USC § 548, tax evasion, operation of unlicensed businesses, and mail fraud and use of interstate commerce to commit fraud. Defendants are utilizing plaintiff's real property as the hub of the illegal conduct.

Other defendants are named in this action for trespass and ejection as they are on the property of the plaintiff or are using the address and representing that they are located on the property to the general public. None of the parties have authorization to be on the property by the property owners.  All such defendants have refused to leave the property when demanded.

Plaintiff has a Judgment for Possession against Fireside California Group, Inc. and The Mario Juarez Selling Team (form of entity unknown) in the matter of Boyd Real Property vs. Fireside California Group, Inc, et al (Alameda County Superior Court Case No. RG10500488). The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises. All parties occupying the property have refused to release possession and continue to occupy the property despite a judgment conferring restitution to the plaintiff.

The Mario Juarez Selling Team's website (www.mariojuarez.com) as of July 19, 2010 identifies the Mario Juarez Selling Team as a company and represents Mario Juarez to be the "Owner" and identifies twenty-five (25) individuals as staff, including Cecilia Mendez, as Operations Manager and Erika Jordening, as General Counsel.  Cecilia Mendez is not named in this action, however all other persons identified as potential occupants are named in this action.

1300 Clay Street Suite 600/Oakland, CA 94612
510.836.2097 (ph)/510.836.2374 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In addition to utilizing plaintiff's real property without its permission and engaging in unlawful activities on the property, defendants are believed to be unlawfully leasing and renting plaintiff's property for profit to third parties.  Francis Mabel Nunez advertises that she is a Farmers Insurance Agent operating an insurance agency at 4030A International Blvd Oakland, CA 94601.  Plaintiff Boyd Real Property LLC has never authorized Francis Mabel Nunez and/or Farmers Insurance Company to utilize its property for any purpose. American First Financial Corp, a California corporation advertises and lists with the California Department of Real Estate that it has a branch office at 4030 A International Blvd, Oakland CA.  Plaintiff has never given American First Financial Corp, a California corporation authorization to use its property or to advertise utilizing its address or granted possession of the property to this company.

The Court should therefore grant Plaintiffs' Application and issue a TRO and Order to show ("OSC") Re Preliminary Injunction.

## INTRODUCTION

Plaintiff Boyd Real Property LLC ("BRP") is the owner of certain commercial real property identified as 4030A International Blvd Oakland, CA ("The Premises"). The members of the limited liability company are Inyoung and Douglas Boyd, residents of Nevada. **Declaration of Douglas Boyd, ¶ 1.** Boyd Real Property LLC purchased the property in 2008 and acquired an existing written lease agreement for The Premises due to expire February 2008.  The lessee was Fireside California Group, a California corporation ("Fireside"), Mario Juarez ("Juarez") identified himself as the CEO and owner of the Fireside.  Cecilia Mendez ("Mendez") held herself out at the President of Fireside.  **Decl. of D. Boyd ¶ 2**,

During the course of the lease and continuing thereafter, Juarez operated and continued to operate a business called, The Mario Juarez Selling Team ("The Selling Team").  Juarez holds himself out as the owner, if featured on the website www.mariojuarez.com and represents that

The Mario Juarez Selling Team is a company. The only business address used and continued to be used by The Selling Team is that of The Premises. **Decl. of D. Boyd ¶ 3.**

Upon expiration of the written lease agreement in February 2008 and beginning in March 2008, BRP entered into a oral lease agreement between Fireside, Mario Juarez as an individual and The Mario Juarez Selling Team (collectively "New Tenants") for a month to month tenancy for the Premises.  The terms of the oral agreement were to mirror the terms of the original Fireside agreement.  The New Tenants were required to make the monthly rental payments and common area charges payment by direct deposit into the bank account of BRP.  BRP never directly received or endorsed any checks or money orders for the rental obligations due from the New Tenants or any party occupying The Premises. For a few months, the New Tenants performed the terms of the agreement, but then began to fall consistently and persistently behind in the monthly rental and common area maintenance charges (CAM).  At some point BRP entered a modified agreement with the New Tenants to enable the tenants to pay a reduced monthly rental amount until their cash flow improved.  The agreement provided that any payments would first be applied to any outstanding rental obligations. **Decl. of D. Boyd ¶ 4**.

In the fall of 2009, upon discovery of certain financial irregularities, embezzlement, theft and other questionable activities on the part of New Tenants, BRP caused its counsel; S. Raye Mitchell to issue notices terminating any agreements with The New Tenants and terminating *any* tenancy agreements pursuant to California Civil Code § 789 *et seq*. **Declaration of S. Raye Mitchell ¶ 2**.

***Judgment for Possession: Juarez Continued Efforts to Thwart Recovery***

Mario Juarez, The New Tenants and all the occupants of The Premises ignored all notices to vacate the Premises. BRP thus initiated actions to remove the New Tenants from the property. Finally in July 2010, BRP obtained a final Judgment for Possession of the Property as to Mario

Juarez Selling Team, the Fireside California Group, and from the defendants and all occupants. Boyd Real Property vs. Fireside California Group, Inc, et al (Alameda County Superior Court Case No. RG10500488).  The Judgment for Possession issued as to the only tenants of the property.  The judgment is final and conclusive as to effect of who are the tenants if the real property because a judgment for possession cannot issue as to an absent tenant.  Furthermore, the judgment is final as to a right of possession as to any party that failed to claim a right of possession pursuant to California Code Civil Procedure 415.46 et seq. Ceclia Mendez as an individual and on behalf of Terrocotta LLC never filed a Prejudgment Claim of right of Possession and thus is barred from now claiming a right of possession, thus Defendant Juarez's efforts to divert the matter to Cecilia Mendez or Terrocotta LLC as a purported tenant are barred by the doctrine of collateral estopple.   Lastly, Cecilia Mendez and or Terrocota LLC have not applied to this court as a party in intervention claiming any rights to occupancy or possession of the property despite the fact that her legal counsel Mr. Phon has produced a declaration in this matter.

In prosecuting the matter of Alameda County Superior Court Case No. RG10500488, BRP complied with California Code of Civil Procedure § 415.46 and served a Prejudgment Claim of Right of Possession. Pursuant to law if an occupant or other party so served fails to assert any claim or right to possession or tenancy, such party cannot later assert said rights and cannot object to subsequent proceedings to eject said parties from the property by writ of possession or order. CCP § 415.46.

The litigation of Alameda County Superior Court Case No. RG10500488[1] was challenging as Defendant Mario Juarez used every opportunity to delay and distract the summary proceedings seeking possession.  There was and is no dispute that Mr. Juarez is in possession of the property, utilizes it for his many business ventures. Despite the fact that Juarez was denying his status as a tenant or subtenant, Mr. Juarez defended the eviction proceeding by attempting to utilize the bankruptcy proceedings of a non-party-employee Cecilia Mendez (Mendez holds herself out as the 'Operations Manager' of The Mario Juarez Selling Team) to allege that the proceedings are subject to the automatic stay.   As of the date of this filing, businesses associated and or owned by Mario Juarez operating at 4030A International Blvd include, "The Mario Juarez Selling Team." The Neal Juarez LLC, Viridis Fuel California coproration (incorrectly named in this complaint as Verdes Bio Fuel Company, and operates as an agent/employee of Defendants American First Financial Corp. and operates a branch office of American Financial Corp as a licensed real estate agent. **Decl. Mitchell ¶ 3.**

Plaintiff filed this action to eject the trespassers and to recover other damages, including damages for Fraudulent Conveyance and alleges a pattern and practice of fraud and deceit by Mendez and Juarez acting individually and in concert with the intent to defraud creditors. Mendez and Juarez have formed numerous corporate entities to execute shall games to deprive consumers, creditors and federal, state and local tax collection agencies of recourse to recover their loses from unpaid debts. Eleven entities discovered to date link to Juarez and Mendez as their current alter egos, abandoned alter egos or shell companies including: The Mario Juarez

---

[1] Defendants Mario Juarez renounced any claims of right of possession on the eve of trial and by operation of law, an unlawful detainer proceeding cannot proceed as to a party that does not claim a right of possession. Plaintiff's judgment thus rest with the remaining defendants and tenants –The Fireside California Group and The Mario Juarez Selling Team.

Selling Team, Mario Juarez Realtor, American First Financial Corporation, American First Financial Corporation dba Fireside Realty, Fireside Realty Company, Fireside California Group, The Judicial Group, The United Judicial Group, Folden Enterprises, Terrocota LLC, The Neal Juarez LLC, and Verdes Bio Fuel Company. **Decl. Mitchell ¶ 4.**

*Juarez Attempting Fraud on This Court with Evasive and Misleading Declaration filed August 6, 2010.*

Despite the fact that it is irregular to file a declaration Mario Juarez, The Mario Juarez selling team, Fireside California Group, and The Neal Juarez LLC.  Ms. Jordening knew that the Fireside California Group is a suspended California corporation and not permitted under California law to defend an action, yet she filed the appearance notwithstanding.

Next, Ms. Jordening files a memorandum of law not in proper form or format.  The Memorandum appears written in first person, makes a number of stray and rambling allegations without citation to any legal authority. Ms. Jordening then attaches documents, and copies of emails.  Lastly, Ms. Jordening attaches a Declaration of Mario Juarez.

In the declaration filed under penalty of perjury, on August 6, 2010, Mr. Juarez does not deny that he is the owner of The Mario Juarez Selling Team and he does not deny that he is in possession of the Premises.[2] He does not deny that he is prominently featured in the website www.mariojuarez.com. Furthermore, Mr. Juarez does not deny that no party occupying the Premises has paid any rent or CAM since January 2010. Instead, for reasons that the Court may elect to address, Mr. Juarez and his legal are not forthcoming to this Court and attempt to commit a fraud on the Court by alleging he is an "employee" of Terracota LLC and produce no supporting documentation. .  Mr. Juarez alleges that he is a licensed real estate agent but does not conduct real estate activities for Terracota LLC.  He does not deny conducting real estate

_____

1300 Clay Street Suite 600/Oakland, CA 94612
510.836.2097 (ph)/510.836.2374 (fax)

activities on the property for some one.  He states that he is affiliated with another brokerage

company and conducts his real estate activities under that company.  He does not deny that he

conducts those activities at 4030A International Blvd. See request for Judicial Notice,

Declaration of Mario Juarez filed August 6, 2010.

Interestingly, no party purporting to have authority to act on behalf of this phantom

Terracota LLC has ever filed a pleading in the State Court Action, or this action seeking

intervention as a party asserting a right or claim to possession of the real property. In deed in the

purported Motion to Dismiss filed by Erika Jordening on behalf of The Mario Juarez Selling

Team, Mario Juarez, Fireside California Group and the Neal Juarez LLC, Cecilia Mendez did not

appear, did not produce a declaration and did not seek leave from the bankruptcy court to defend

any rights or claims of Terracota LLC.  Instead there is a series of hearsay declarations by parties

attempting to hide behind Ms. Mendez's bankruptcy proceedings.[3]

***No One Has Paying Any Rent Since Jan. 2010. Plaintiff Suffering Severe Financial Damages
Waste and Property Damages to Property by Defendants.***

As of the date of this filing, Plaintiff have not received one dollar of rent or

reimbursement for electricity, water, maintenance, security or any other expense associated with

Defendants continued unauthorized use of the property.  BRP is and continues to suffer a severe

financial hardship if the defendants are permitted to remain on the property and seeks this TRO

to remove them. All efforts to obtain stipulation to avoid this application have failed.  In deed,

current counsel, Ms. Jordening is a named defendant in this case.  Ms. Jordening first represented

---

[2] Mr. Jaurez appears in this matter on behalf of himself and despite claims that "The Mario Juarez Selling Team" is only an advertising mechanism for purposes of branding, Mr. Juarez filed a responsive pleading for named defendant "The Mario Juarez Selling Team" see Declaration of Juarez filed August 6, 2010.
[3] Defendants motion is improper in form and substance. Fashioned as a Motion to Dismiss, the filing includes declarations that import facts not on the face of the pleadings. Furthermore, the declarations are hearsay and evasive and go well beyond the matter of subject matter jurisdiction. The purported attorney for Cecilia Mendez filed a declaration, but Ms. Mendez did not. Furthermore, Mr. Phon, an office of the Court, makes no effort to explain why

---

**Motion for TRO   9**                     1300 Clay Street Suite 600/Oakland, CA 94612
                                           510.836.2097 (ph)/510.836.2374 (fax)

that she is not the counsel and then she later files a purported motion on August 6, 2010. See **Decl. Mitchell ¶ 5.**

*Defendants Dumping Human Waste, Trash and Debris on the Property.*

In addition to Plaintiff suffering sever financial hardship, there is evidence of waste, damages, unhealthy and dumping of human waste and debris on the property by the Defendants. There is evidence that the Defendants are utilizing the property for unlawful construction and other activities overnight and dumping waste of such on property.  See **Decl. Mitchell ¶ 6** that includes **actual photographs** of the unsanitary health and hazardous conditions created by Defendants.

On September 5, 2010, after receiving notice of Plaintiff's application for TRO, Ms. Jordening then sent a series of emails alleging that she is removing herself from the case and that there is a substitution of attorney by insurance company appointed legal counsel.  It thus appeared that the motion filed on August 6, 2010 was merely a stalling maneuver and improper under Rule 11.

Boyd Real Property LLC brings this TRO to enjoin the trespassing occupants from the access and use of the property. Defendants are unjustly enriched while driving Plaintiff bankrupt.

To avoid any confusion, the following is a summary of the entities and employees using the address of 4030A International Blvd, Oakland, CA:

a) Mari Juarez, real estate agent/salesperson for The Mario Juarez Selling Team. Sources: www.mariojuarez.com, business cards, and signage on the property.

b) Mario Juarez, real estate agent salesperson American First Financial Corporation-4030A International Blvd, Oakland. Sources: California Department of Real Estate License Registration.

c) The Neal Juarez LLC. Sources: California Secretary of State Business Registration.

d) Fireside California Group, a California corporation. Sources: California Secretary of State Business Registration. Agent for service of process Mario Juarez.

e) American First Financial Corporation-Branch office 4030A International Blvd, Oakland. Sources: California Department of Real Estate License Registration.

See **Decl. Mitchell ¶ 7.**

### III.   LEGAL ARGUMENT

**PLAINTIFFS ARE ENTITLED TO A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.**

In the Ninth Circuit, "when a party is seeking a preliminary injunction, he or she must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips in favor of the moving party.  These standards 'are not separate tests but the outer reaches of a single continuum.'" *Iconix, Inc. v. Tokuda,* 457 F.Supp.2d 969, 975 (N.D. Cal. 2006), quoting *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001) (citation omitted). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. "Under the sliding scale theory, a party seeking an injunction 'need not demonstrate that he will succeed on the merits, but must show that his cause presents serious questions of law worthy of litigation.'" *Iconix, Inc.*, at 975, quoting *Topanga Press, Inc. v. City of LA*, 989 F.2d 1524, 1528 (9th Cir. 1993).  Additionally, serious questions are "substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberative investigation." Id.

Application of these principles to the present facts establishes that injunctive relief is necessary and appropriate in light of Plaintiffs' probable success on the merits and the obvious irreparable injury if relief is not granted, thereby tipping the balance of hardships strongly in

Plaintiffs' favor.  Here, numerous separate and independent grounds warrant issuance of the injunctive relief requested, including the following:

1. Plaintiff has established a strong probability of success on the merits, the possibility of irreparable injury and the balance of hardships tip in overwhelmingly in its favor.  In the end, no one has paid any money to plaintiff for the use of the property and the associated utilities. Plaintiff has no reason to expect that it will be paid and plaintiffs are being forced into bankruptcy while Mario Juarez continues to be unjustly enriched.

2. Plaintiff has a judgment for possession and thus any possession by the defendants is a claim for trespass, ejectment and thus justify injunctive relief to prohibit defendants' further unlawful occupation, trespass and use of Plaintiff's real property.   A claim for trespass lies when the true property owner provides notice that the person is not permitted to come upon its property.  Ejectment is the procedure permitted to remove any person from one's land, no matter how the estate or means of occupancy first arose.[4]  Defendants' continued use of the property without payment of rent, continued interference with business operations and the continued use, without pay, of actual overhead expenses is creating a exploitive situation where Plaintiff is actually subsidizing Defendants business operation.  Defendants have no defense and simply attempt to evade accountability by hiding behind the bankruptcy status of a mere employee.

3. Plaintiffs' Claim for Unfair Competition and Business Practices Supports Plaintiff's Application.  Defendants have willfully violated a long list of federal and state laws in the operation of the numerous business enterprises housed on The Premises.

**A.    Plaintiffs' Are Being Harmed and Will Continue to be Irreparably Harmed if Relief is Not Granted.**

Defendants are con artists.  Defendants have seized possession of Plaintiff's real property,

do not pay rent and do not pay for their own consumption of energy, resources, maintenance, waste, water or anything else.  They are parasites utilizing the judicial system to delay and defraud the property owner and cause the property owner to suffer substantial loss of business, and drive them bankrupt.  "A substantial loss of business and perhaps even bankruptcy" absent preliminary injunctive relief shows irreparable injury. *Doran v. Salem Inn, Inc* (1975) 422 US 922, 932, 95 S. Ct. 2561, 2568.

Plaintiff's harm can be categorized into to forms, a) actual financial loss leading to imminent bankruptcy caused by loss of revenue and no means of recovery as Defendants sit on the property and pay no rent or other fees, and b) actual incremental costs and out of pocket financial harm by Defendants' actual continue use and abuse of energy resources, water, and other overhead that Plaintiff must pay out to third parties on behalf of Defendants.  Plaintiff has exercised all efforts to recover its property from the Defendants and Defendants simply refuse to leave the property and have no defense.  Mr. Juarez, Ms. Jordening and even Mr. Phon are simply defrauding the Court for the sport.

Plaintiff presents the following evidence of actual and continued harm:

a) **No Defendant has paid any rent or CAM charges since January 2010**.  The unpaid monthly rent, CAM charges and other expenses and loses attributed to Defendants are almost **$ 120,000** to date and continue to mount.  The monthly operating cost and expenses for the real property are **$ 28, 000 per month** on average.  Plaintiff receives income of **$ 22,000** form other tenants and sources. The negative cash flow is **$ 6,000** per month and represents the amount of money not collected and caused by Defendants.  To date the actual cash loss of **$ 50, 500** negative cash flow that has been covered through personal loans to Plaintiff.  Plaintiff cannot

---

[4] Unlike its cousin action for Unlawful Detainer, Cal. Code Civil Procedure § 1152, ejectment is not based on an alleged non-payment of rent and is not based on a landlord tenant relationship.

continue to borrow money to cover the actual out of pocket expenses associated with the failure of defendants to pay rent and pay for its own operating expenses which tract to approximately $12,000 per year.  Plaintiff is insolvent and faces bankruptcy if it is unable to remove Defendants and cut monthly costs. **Decl. D. Boyd ¶ 6**. Not only has Defendants refused to pay any amounts for their own CAM charges, they have invited others to operate businesses on the property and utilize Plaintiff's energy and resources to enable Defendants to make further profit.  Defendants are insolvent and or engage in a pattern of conduct to evade creditors.  See Motion to dismiss for Lack of Subject jurisdiction filed August 6, 2010.

b) **Defendants have dumped waste, human debris, construction equipment and other potentially toxic waste materials into the warehouse storage area of the** Premises and physically causing destruction within the office space. **Decl. Mitchell ¶ 6.**   Plaintiff as the property owner has paid and is required to pay the cost of removal and hauling of waste from the property dumped by the Defendants.  Some of the waste is over sized appliances and hazardous waste such as old paint, and used oil.  **See Decl. D. Boyd. ¶ 7.**

c) **Plaintiff faces bankruptcy if it cannot stop the bleeding by removal of the Defendants from the property and terminates use of the resources**, energy and other hard cost resources it is forced to absorb.  Plaintiffs are losing thousands of dollars weekly. **Decl. D. Boyd ¶ 6**.

d) Defendant Mario Juarez alleges that he is judgment proof and that he keeps assets in the name of Cecilia Mendez to avoid creditors.  Mr. Juarez alleges that The Mario Juarez Selling Team is not a legal entity and he alleges that he is only an "employee" of Terracota LLC. Mr. Juarez is an owner of Viridis Fuel Corporation (incorrectly named as Verdes Bio Fuel).  Mr. Juarez makes no efforts to correct the name and fails to disclose that business is registered to 4030A International Blvd Oakland, CA 94601.  **See Decl. Mitchell ¶ 7.**

1    If an injunction is immediately granted, Defendants will merely be required to do what

2    they are already legally obligated to do – return the property and possession to Plaintiff, cease

3    the unlawful use without pay and the unlawful consumption of energy and resources without pay

4    and without intention to pay. To be prohibited from engaging in wrongdoing is not a hardship.

5    See, *Caterpillar, Inc*. *v*. *Nationwide Equip*. 877 F. Supp 611, 617 (M.D. Fla. 1994) (in trademark

6    context, "Defendants will suffer no harm from being restrained from doing that which is

7    illegal").  Defendants have no lawful claim to use Plaintiff's property.  Defendants do not face

8    any injury as Plaintiffs simply release of its property.  Defendants are not permitted to simply sit

9    on commercial property, us it, run a business and not pay rent.  Defendants are not paying rent

10   anywhere else and are simply exploiting the legal system to convert Plaintiff' property to their

11   own use.

12   In this case, Plaintiff's monetary damages and loses are the type of extraordinary monetary

13   damages that may support equitable relief. See *In re Estate of Ferdinand Marcos, Human Rights*

14   *Litigation*, 25 F.3d 1467, 1480 (9th Cir. 1994) ("a district court has authority to issue a

15   preliminary injunction where the plaintiffs can establish that money damages will be an

16   inadequate remedy due to impending insolvency of the defendant or that defendant has engaged

17   in a pattern of secreting or dissipating assets to avoid judgment.").

18   As detailed in the Complaint and even supported by the declaration of Mario Juarez.

19   Mario Juarez is evading judgment and dissipating assets to avoid judgment.  He alleges that he is

20   a licensed real estate agent, but refuses to inform the Court of who and where he conducts real

21   estate activities.[5]  Mr. Juarez alleges he is affiliated with another brokerage company and

22   "conduct my real estate activities under that company," but fails to disclose the name of the

23   company.  Whereas, Mr. Juarez is prominently featured in "The Mario Juarez Selling Team", he

24   denies that it is a company or the company under which he does business at 4030A International

25   Blvd Oakland.  In fact, Mr. Juarez tells the Court nothing about what he actually does at 4030A

26   International Blvd or in his capacity as employee of Terracota LLC.  See Declaration of Mario

27   
28   [5] Pursuant to the California Real Estate website, Mario Juarez is an employee of American First Financial Group, with an address at 4030A International Blvd.  **See. Decl. Mitchell ¶ 7.**

Juarez, filed August 6, 2010.

All efforts to meet and confer have failed.  When notified of the application for the TRO, Erika Jordening, counsel for Defendant Mario Juarez, The Mario Juarez Selling Team, Neal LLC and Fireside California Group, never addressed the content of the TRO application.   Notice was sent via email notice, followed by telephone notices to remaining defendants with offers to meet and confer.  Messages left at cell phones and office numbers were not returned.

**B.     Plaintiff's Likelihood of Success on the Merits of its Trespass and Ejectment Claims Supports The Imposition of Injunctive Relief.**

Plaintiff terminated the tenancy of the New Tenants by operation and notice pursuant to California statute.  Defendants have no claim to possession of Plaintiff's real property.   Plaintiff sent notice to all known persons located at 4030A International Blvd Oakland, CA terminating any form of estate in the property in compliance with California law, no matter how acquired.  Plaintiff properly obtained a judgment for possession from the parties it called its tenants.  Plaintiff now file this Federal Complaint for ejectment and trespass as no party remaining on the property has a right to possession under any legal theory.  There does not appear to be any doubt that the appropriate remedy for an ongoing trespass to business premises would be a preliminary injunction.

Defendants offer no defense to the cause of action for trespass.  They are not on the property by permission of the property owner. They are not under any agreement with the owner to be on the property and the property owner has asked them to leave the property.  Defendants have refused.  Plaintiff terminated any tenancy of any party pursuant to California Civil Code § 798 which provides, a tenancy or other estate at will, however created, may be terminated by the landlord's giving notice in writing to the tenant.   Plaintiff then obtained a judgment of an unlawful detainer action pursuant to California Code of Civil Procedure § 1152 et seq.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff seeks a preliminary injunction to regain possession of its property wrongfully occupied by the Defendants. Monetary damages are insufficient as it is unclear whether any of the Defendants are solvent, have assets to attach or otherwise enforce any judgment.  This application for a TRO is consistent with the state court Judgment for Possession awarded Plaintiff, which is final and remains in effect.

**C.**   **Plaintiffs' Unfair Competition Claims Justify Injunctive Relief: Defendants are Using Plaintiff's Property as the Hub of a Host of Unlawful Activities.**

California's unfair competition and business practices law, Business & Professions Code § 17200 et. seq. ("UCL"), defines unfair competition to include "any unlawful, unfair or fraudulent business act or practice."  Section 17200 prohibits a variety of different types of wrongful conduct, including any "unlawful business act or practice" and/or any "unfair business act or practice."  There is no requirement that the activity or conduct sought to be enjoined be commercial – any act or practice which is unlawful or unfair is applicable. *Barquis v. Merchants Collection Ass'n,* 7 C.3d 94, 111, 101 Cal.Rptr. 745, 757; See also, *Isuzu Motors, Ltd. v. Consumers Union of U.S., Inc.,* 12 F.Supp.2d 1035, 1048 (C.D. Cal. 1998) (allegedly defamatory statements made by a non-profit "consumers union" are covered even though it is completely noncommercial); *Pines v. Tomson,* 160 Cal.App.3d 370, 386, 206 Cal.Rptr. 866, 875-76 (1984) (non-profit religious group's activities covered); and see *People v. E.W.A.P., Inc.,* 106 Cal.App.3d 315, 320-321, 165 Cal.Rptr. 73, 75-76 (enterprise engaged entirely in criminal conduct is nevertheless a "business" for purposes of § 17200). An unlawful business act or practice includes a violation of any other law.  In effect, the "unlawful" prong of § 17200 makes a violation of the underlying "borrowed" law a per se violation of § 17200. *Kasky v. Nike, Inc.,* 27 Cal.4th 939, 950, 119 Cal.Rptr.2d 296 (2002); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 561 (1999).  Virtually any law

or regulation – state, federal, foreign, statutory or common law – can serve as predicate for a §

17200 "unlawful" violation. *People v. E.W.A.P., Inc.*, supra, 106 Cal.App.3d at 319, 165

Cal.Rptr. at 75.  As the California Supreme Court has stated, § 17200 "borrows" violations of

any other law and treats them as unlawful business practices independently actionable under §

17200. *Farmers Ins. Exch. v. Sup.Crt.*, 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 491 (1992).

In this case, Defendants are willfully and maliciously using Plaintiff's property in a scheme

of unlawful activities.

**D.    Plaintiffs Should be Required to Post No Bond to Recover its Own Property and in
Light of Defendant's Wrongful Conduct; In the Alternative, Defendants Should be
Required to Post a Bond of at least $ 120K for Past Due Rents and Expenses and Be
Required to Pay the Monthly Rental and CAM Expenses of at Least $6200 Per Month
if this Application is Denied.**

In construing the language of Federal Rule of Civil Procedure, Rule 65(c), the Courts have

stated that, "especially in view of the phrase – 'as the court deems proper' – the district court

may dispense with security" where the district court determines that the risk of harm is remote,

or that the circumstances otherwise warrant it, or that there has been no proof of likelihood of

harm to the party enjoined.  The Court has the discretion to require only a nominal bond, or even

no bond at all.  See, e.g., *International Controls Corp. v. Vesco*, 490 F.2d 1334, 1356 (2d Cir

1974) (approving district court's fixing bond amount at zero in the absence of evidence regarding

likelihood of harm) citing *Ferguson v. Tabah*, 288 F.2d 665, 675 (2d Cir. 1961); *Urbain v.

Knapp Brothers Mft'g Co.*, 217 F.2d 810 (6th Cir. 1954), cert. denied, 349 U.S. 930, 75 S.Ct.

772 (1955). See also, *GoTo.com, Inc. v. The Walt Disney Co.*, 202 F.3d 1199 (9th Cir. 2000)

($25,000 bond required to enjoin use of defendant's logo and commercial website which

infringed on pay-for- placement search engine website's logo).

Based on the above, Plaintiff simply seeks recovery of its property and to stop Defendants

from exploiting and basically stealing energy, water and other resources to run their businesses. They have paid nothing, have made no overtures to pay the amount that the Plaintiff states is due for use of its property and continue to engage in evasive conduct to avoid any rental obligations and protract this litigation to extract unjust enrichment.

**IV.   CONCLUSION**

Plaintiffs are bleeding profusely and desperately request judicial intervention to obtain its property being unlawfully withheld by Defendants.  Defendants have not paid rent, have no intentions of paying rent, are insolvent and are hiding assets to avoid judgment and reach by creditors.  In the interest of justice, Plaintiffs respectfully request that this Court issue a Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction in the form set forth in the [Proposed] Temporary Restraining Order and Order to Show Cause re Preliminary Injunction submitted herewith, and for such other alternative and further relief as the Court may deem to be just and appropriate.

Respectfully submitted,

Dated:  September 3, 2010
/s/ S. Raye Mitchell
S. Raye Mitchell
Attorney at Law
Attorneys for Plaintiff