Sara B. Allman, Esq. CSB #107932
■**Allman & Nielsen, P.C.** ■
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone:  415.461.2700
Facsimile:  415.461.2726
E-Mail:     all-niel@comcast.net

Attorney for Defendants
MARIO JUAREZ, AN INDIVIDUAL, AND
THE MARIO JUAREZ SELLING TEAM

Erika Jordening CSB #184986
Law Offices of Erica Jordening
1376 De Solo Dr
Pacifica, CA 94044
(415) 706-2930
ejordening@gmail.com

Attorney for Defendants
MARIO JUAREZ, AN INDIVIDUAL, AND
THE MARIO JUAREZ SELLING TEAM

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Boyd Real Property LLC, a California limited liability company,<br><br>                 Plaintiff,<br><br>v.<br><br>The Mario Juarez Selling Team (form of entity unknown); Mario Juarez, an individual; The Neal Juarez LLC, a California limited liability company; Verdes Bio Fuel Company (form of entity unknown): American First Financial Corp. a California corporation; Fireside California Group, a California corporation; Francis Mable Nunez, an individual; Erika Journeying, an | Case No.:  3:10-cv-03142-TEH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S FIRST EX PARTE APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   individual; Edwin Ramirez, an individual;
2   Jimena Olmos, an individual; Jennifer Juarez,
    an individual; Jose Ontiveros, an individual;
3   Dario Laza, an individual, Fernando "El
4   Carinoso" Martinez; an individual, Will
    Jimenez, an individual,  Adelberto "TITO"
5   Gutierrez, an individual, Bernardo
6   Villafuerte, an individual, Carmen Acosta, an
7   individual, Delia Dorantes, an individual,
    Eleyna Felix, an individual, Enedina "Dina"
8   Munguia, an individual, Ezequiel Zarate, an
9   individual, Frank Coelle, an individual,
    Gaberiel Ortiz, an individual, Irma Reynoso,
10  an individual, Johnathan Izazaga, an
11  individual, Rosa Valencia, an individual,
12  Rosalia Negron, an individual, Sonia
    Dominguez, an individual, Stephanie
13  Candevan, an individual, Sue Mei, an
14  individual, Wilfred Negron, an individual
    Does 1-10.,
15

16         Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

Table of Contents

Table of Authorities...................................................................................iv

I.   INTRODUCTION.................................................................................1

II.  STATEMENT OF FACTS......................................................................2

    A. Lease Negotiations Between Terracotta LLC and Boyd Break Down.............2

    B. The First Unlawful Detainer Action..................................................2

    C. The Second Unlawful Detainer Action..............................................3

III. STATEMENT OF THE CASE.................................................................3

IV.  LEGAL ARGUMENT...........................................................................4

    A.  As a Threshold Matter, The Application for a TRO Should Be Denied Because It Fails to Satisfy the Requirements of The Federal Rules of Civil Procedure and Local Rules of Court...................................................................................4

    B. Boyd Has Failed to Demonstrate Probable Success on the Merits or "Serious Questions."...............................................................................6

    C. Boyd Has Failed to Demonstrate Potential Irreparable Harm.........................7

    D. The Grant of a TRO Would Not Provide Boyd Relief or Possession of the Subject Premises Because Non-Parties Mendez and Terracotta LLC are Also Occupants..................................................................................9

    E. Security is Required of the Moving Party Not the Enjoined Party.................10

VI.  CONCLUSION.................................................................................11

Table of Authorities

**Cases**

*American Cyanid Co. v. U.S. Surgucal Corp.*,
833 F.Supp. 92, 132 (D.C.Conn.1992) ................................................... 7

*Carleton v. Townsend*,
28 Cal.219, 224 (1865) ................................................................. 9

*Caterpillar, Inc. v. Nationwide Equip.*,
877 F. Supp 611, 617 (M.D. Fla.1994) ................................................. 8

*Diamontiney v. Borg*,
918 F.2d 793, 795 (9th Cir.1990) ...................................................... 7

*Hicks v. Davis*,
4 Cal.67, 69 (1854) .................................................................... 9

*In re Estate of Ferdinand Marcos, Human Rights Litigation*,
25 F.3d 1467, 1480 (*Marcos*) ........................................................ 8, 9

*Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*,
634 F.2d 1197, 1200 (9th Cir.1980) .................................................... 7

*Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc.*,
762 F.2d 1374, 1377 (9th Cir.1985) .................................................. 6, 7

**Rules**

Civil Local Rules, Rule 65-1 ........................................................... 5

Civil Local Rules, Rule 7-10 ........................................................... 5

Civil Local Rules, Rule Local Rule 1-5(n) ............................................. 6

Federal Rule of Civil Procedure Rule 12 ............................................... 4

Federal Rule of Civil Procedure Rule 19 (A) and (B) ................................. 10

Federal Rule of Civil Procedure Rule 65 ............................................... 6

Federal Rules of Civil Procedure Rule 65 (b) (1) ...................................... 4

Federal Rules of Civil Procedure Rule 65 (c) ......................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                          -iv-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

Defendants Mario Juarez, an individual, and Mario Juarez Selling Team ("the Juarez defendants") hereby submit their opposition to Plaintiff's "First Ex Parte Application for TRO and Order to Show Cause Re: Preliminary Injunction" filed by plaintiff Boyd Real Property ("Boyd") on September 7, 2010.

## I. __INTRODUCTION__

After unsuccessfully seeking to recover possession of the subject premises located at 4030 A International Boulevard in Oakland, California ("subject premises") through two successive unlawful detainer actions in state court, Boyd brought this action in federal court against multiple parties, including the Juarez defendants, asserting jurisdiction based on diversity of citizenship. Boyd's second unlawful detainer action failed when, on July 9, 2010, the Alameda County Superior Court ordered that a writ of possession Boyd had obtained (that would have had the effect of dispossessing a bankrupt debtor, Cecilia Mendez and/or her business, Terracotta LLC, from the subject premises) be quashed. The state court ordered that Boyd refrain from further seeking or obtaining a writ of possession without further order of the court and an order granting relief from the automatic bankruptcy stay or a notice of dismissal of the bankruptcy petition. (Request for Judicial Notice ("RJN") of Juarez defendants, No. 1.)

Instead of seeking relief from the bankruptcy stay, in a thinly veiled attempt to circumvent the state court's order, Boyd filed this federal court action on July 19, 2010, ten days after the state court's order quashing the writ of possession was entered. Neither Cecilia Mendez nor Terracotta LLC, whom the state court found were in possession of the subject premises, was named as a defendant in this federal court action. Plaintiff could have sought relief from the bankruptcy stay in Ms. Mendez's bankruptcy matter and proceeded in state court against all occupants to attempt to recover possession of the subject premises, but decided instead to pursue the federal court avenue.

Boyd now seeks (on an ex parte basis) a temporary restraining order ("TRO") that effectively would: 1. forcibly evict the named defendants (and mostly unserved defendants) along with "their officers, directors, stockholders, owners, agents, servants, employees, representatives and attorneys and all those in active concert or participation with Defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                    -1-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

and each of them, and all others who receive notice of this order;" 2. require that *defendants* (rather than the moving party who is seeking the injunction) post a bond in the sum of $120,000;  and 3. require that defendants pay monthly rent and CAM charges for the subject premises (in an amount arbitrarily set by Boyd) pending a hearing on the requested order to show cause.  (Proposed Order, Docket No. 21.) Boyd is requesting *all* the relief it seeks in this action by way of an ex parte order that would side step the state court's order and oust all defendants and Ms. Mendez and Terracotta LLC from the subject premises without need to obtain leave of the Bankruptcy Court.

For these and the following reasons, Boyd's ex parte application for a TRO and order to show cause should be denied.

## II.  STATEMENT OF FACTS

### A. Lease Negotiations Between Terracotta LLC and Boyd Break Down

As set forth in the accompanying Declaration of Erika Jordening, in January 2010, Terracotta LLC, who was already in possession of the subject premises, paid Boyd January rent for the subject premises in the amount of $3,500.  This rent was accepted by Boyd, but negotiations between Lewis Phon (Cecilia Mendez's bankruptcy attorney) and Boyd's counsel, S. Raye Mitchell, broke down over the terms of a contemplated new written lease agreement between Boyd and Terracotta LLC.

### B. The First Unlawful Detainer Action

On  January 12, 2010, on behalf of Boyd, attorney S. Raye Mitchell served all occupants of the subject premises, including Cecilia Mendez and Terracotta LLC, with a 3-day notice to pay rent or quit. On January 25, 2010, S. Raye Mitchell filed a Complaint for Unlawful Detainer in Alameda County Superior Court, case no. RG 10495150, on behalf of Boyd and against Terracotta LLC, Cecilia Mendez, Mario Juarez, The Mario Juarez Selling Team, Fireside California Group and "all occupants." Ms. Mitchell verified under penalty of perjury that Cecilia Mendez and Terracotta LLC were occupants of the subject premises. On January 29, 2010, Lewis Phon, the attorney for Terracotta LLC and Cecilia Mendez, filed a demurrer to the complaint. The hearing on the demurrer was set for March 3, 2010. On February 5, 2010, S. Raye Mitchell obtained a clerk's default judgment against Fireside

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                    -2-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

California Group and Mario Juarez as holdover tenants, for possession only. On February 19, 2010, the court vacated and set aside the defaults and quashed and recalled the writ of possession. On February 19, 2010, the court also issued a tentative ruling that the demurrer of Mendez and Terracotta LLC was moot in light of a voluntary dismissal filed by Boyd and entered as to these parties that date. (See Declaration of Erika Jordening.)

### C. The Second Unlawful Detainer Action

Undeterred by the first suit's lack of success, on February 25, 2010, Ms. Mitchell filed another Complaint for Unlawful Detainer on Boyd's behalf in Alameda County Superior Court, case no. RG 10500488. In that action, Boyd named Fireside California Group, Mario Juarez and "The Mario Juarez Selling Team" as defendants. On April 22, 2010, Mario Juarez filed an answer in case RG 10500488. In June 2010, Mario Juarez filed a summary judgment motion. The hearing date for the summary judgment was set by the court for July 1, 2010. The day prior to the hearing, Boyd filed a request for dismissal of Mario Juarez in case RG 10500488. That same date, plaintiff's counsel, S. Raye Mitchell, obtained default judgments only against Fireside California Group, Inc. and "The Mario Juarez Selling Team." On July 9, 2010, the parties appeared before the court on defendants' Ex Parte Application to Quash the Writ and Recall the Clerk's Default Judgment. The court heard evidence submitted by Boyd's counsel, S. Raye Mitchell, that Cecilia Mendez and Terracotta LLC were the true tenants and occupants of the subject premises. The court entered its order quashing the writ of possession that same date. (See RJN of Juarez defendants, No. 1. and Declaration of Erika Jordening.)

### III. STATEMENT OF THE CASE

This action was filed in federal court on July 19, 2010. The complaint alleges that "both Mendez and Juarez are occupants on the real property." (Docket no. 1, 3:7-8.) The complaint also alleges that "Boyd Real Property LLC brings this complaint to eject all the trespassing occupants from the property...." (Docket no. 1, 3: 21-22.) The complaint further alleges that Mendez and Terracotta LLC "have not been named as defendants pending a Motion for Relief from Automatic Stay to be filed by plaintiff in the matter of the personal bankruptcy proceedings of Cecilia Mendez." (Docket no. 1, 3: 24-28; 8:10-18.)

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                    -3-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

On August 6, 2010, Fireside California Group, Mario Juarez, The Mario Juarez Selling Team, and The Neal Juarez, LLC filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to FRCP Rule 12. (Docket No. 3.) On August 10, 2010, Boyd Real Property LLC filed its Declination to Proceed Before a U.S. Magistrate Judge. (Docket No. 7.) On August 12, 2010, the court issued an Order Re Assigning Case: Case reassigned to Judge Hon. Thelton E. Henderson for all further proceedings. (Docket No. 9.)  No notice was provided of this order by Boyd's counsel. (See Declaration of Erika Jordening.) On August 20, 2010, Mario Juarez, an individual, and The Mario Juarez Selling Team filed a Notice of Association of Counsel. (Docket No. 11.) Over the recent Labor Day weekend, Boyd's counsel, S. Raye Mitchell, sent an e-mail to these opposing defendants' counsel advising of her intent to file an ex parte application for a TRO on Monday, September 6, 2010, Labor Day. (See Declaration of Erika Jordening.) The e-mail concluded with the advice (in red) that **"ANY PARTY THAT DESIRES TO MEET AND CONFER MAY CONTACT THE ATTORNEY BELOW."**

On the morning of September 7, 2010, Boyd's counsel left these opposing defendants' counsel a voicemail message and that same morning filed the within ex parte application.

## IV.  LEGAL ARGUMENT

### A. As a Threshold Matter, The Application for a TRO Should Be Denied Because It Fails to Satisfy the Requirements of The Federal Rules of Civil Procedure and Local Rules of Court

Rule 65 (b) (1) of the Federal Rules of Civil Procedure provides that the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) *specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition*, and

(B) *the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.*

(Emphasis added.)

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                    -4-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

Civil Local Rules, Rule 65-1 (Temporary Restraining Orders), sets forth the requirements for an ex parte motion for a temporary restraining order in this court and provides in pertinent part, as follows:

> (a) Documentation Required.   An *ex parte* motion for a temporary restraining order must be accompanied by:
> (1) *A copy of the complaint*;
> (2) A separate memorandum of points and authorities in support of the motion;
> (3) *The proposed temporary restraining order*; and
> (4) Such other documents in support of the motion which the party wishes the Court to consider.
> (b) Notice to Opposition of *Ex Parte* Motion.  Unless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, *counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.*  (Emphasis added.)

Civil Local Rules, Rule 7-10 (Ex Parte Motions), provides:

> Unless otherwise ordered by the assigned Judge, a party may file an *ex parte motion,* that is, a motion filed without notice to opposing party, *only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances and the party has compiled with the applicable provisions allowing the party to approach the court on an ex parte basis.  The motion must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought.*
> (Emphasis added.)

Based on the foregoing, Boyd's application for an ex parte TRO is deficient on its face for its non-compliance with the rules of law, in that it is not premised on any specific rule or order that would authorize ex parte relief "in the circumstances." Essentially, Boyd argues without reference to any authorizing statute that, because the alleged financial losses it claims are increasing as time goes on, it is entitled to expedite its case before all others and secure all the relief it seeks in this action without providing defendants due process of law. In making its application for ex parte relief, Boyd fails to, inter alia: reference a specific authority for issuance of a TRO "in the circumstances;" attach a copy of the complaint, much less "clearly show that immediate and irreparable injury, loss, or damage will result;" attach a proposed TRO (rather it attaches only a "Proposed Order Granting

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                    -5-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   Preliminary Injunction" [Docket 21.]); and does not state why regular notice should not be

2   required.

3       A long delay in requesting a preliminary injunction "implies a lack of urgency and

4   irreparable harm." (*Oakland Tribune, Inc. v. Chronicle Publishing Co., Inc.,* 762 F.2d 1374,

5   1377 (9th Cir.1985).)  Boyd's original complaint was filed on July 19, 2010; however, Boyd

6   did not seek injunctive relief until almost two months later. The fact that it has not pursued

7   relief from the bankruptcy stay and has waited almost two months before seeking injunctive

8   relief in this action not only demonstrates that it could have made an application on regular

9   notice but also undermines its claim of immediate threatened irreparable injury. Moreover,

10  there was no proper notice of the ex parte application. Boyd's counsel, S. Raye Mitchell,

11  sent "meet and confer" *emails* to the parties (some of whom have not even been served with

12  suit) and to counsel over the Labor Day weekend but acknowledges that she did not "deliver

13  notice" of the application for ex parte relief before the application was filed. (Docket no. 13,

14  8:12-18.)[1]

15

16      For the above reasons alone, the application for a TRO should be denied for failure of

17  Boyd to comply with the requirements of the Federal Rules of Civil Procedure and the local

18  rules of court.

19  **B. Boyd Has Failed to Demonstrate Probable Success on the Merits or "Serious
20      Questions."**

21

22      Boyd has filed a motion for temporary restraining order and a preliminary injunction.

23  As cited above, Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a

24  preliminary injunction or temporary restraining order ("TRO").  The Ninth Circuit has held

25  that a request for a TRO and injunctive relief may be based upon either of two sets of

26  criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of

27  success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the

28  preliminary relief is not granted; (3) show a balance of hardships favoring the movants; and

29

30      [1] Moreover, under the Civil Local Rules, Rule Local Rule1-5(n), the definition of
31  "meet and confer" does not include sending e-mails over the Labor Day weekend or leaving
32  voicemails—only direct dialogue will suffice.

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

(4) show that granting the injunction favors the public interest. (*Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir.1980).)  The "alternative" test requires that the movant demonstrates either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in their favor.  (*See Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir.1990).)

Boyd asserts that it has "established a strong probability of success on the merits," based on its claim that it has judgments of possession as to two named defendants only (Fireside California Group and The Mario Juarez Selling Team) and its assertion that "Defendants are willfully and maliciously using Plaintiff's property in a scheme of unlawful activities." (MPA, 12:3-12, 22-24; 18: 7-8.). What Boyd fails to disclose to this court is that there is a final state court order that quashed Boyd's writ of possession, confirmed that Cecilia Mendez and Terracotta LLC are occupants of the subject premises, and required Boyd to obtain relief from the bankruptcy stay or a dismissal of the bankruptcy petition and a further state court order before seeking a writ of possession. (RJN, No. 1.) Thus, until and unless Boyd seeks relief from the automatic bankruptcy stay or the bankruptcy petition is dismissed as to Cecilia Mendez, whom the state court determined to be (with her business Terracotta LLC) an occupant of the subject premises, and goes through the proper legal channels, Boyd does *not* have a legal right to dispossess all occupants as it claims.

### C. Boyd Has Failed to Demonstrate Potential Irreparable Harm

Moreover, the primary basis for potential irreparable harm that Boyd asserts in its request for a TRO, is "severe financial hardship if the defendants are permitted to remain on the property and seeks this TRO to remove them." (MPA, 9:20-22.) Boyd "categorize(s) its harm into to (*sic*) forms"—both financial. (MPA, 13:8-13.) Boyd identifies potential injury that it would suffer from defendants' conduct first and foremost as a loss of rent.  However, such a loss may usually be remedied with monetary damages. (*See, e.g., Oakland Tribune*, 762 F.2d at 1376 (newspaper not entitled to injunctive relief because its claim that competitor caused a loss of "circulation and revenue" alleged "purely monetary harm measurable in damages"); *American Cyanid Co. v. U.S. Surgucal Corp.*, 833 F.Supp. 92,

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                    -7-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

132 (D.C.Conn.1992), *appeal dismissed,* 9 F.3d 977 (Fed.Cir.1993) ("Since market share is measured by sales, money damages are generally ascertainable for the loss of market share.").) Boyd has failed to explain why damages would be inadequate in this case.

The district court order in a trademark infringement case, cited by Boyd in its MPA, *Caterpillar, Inc. v. Nationwide Equip.* 877 F. Supp 611, 617 (M.D. Fla.1994), is inapposite and of no bearing or precedential effect in this case. As was noted in the *Caterpillar* order, *id.* at 617, "In trademark infringement cases, irreparable harm is presumed. There is no adequate remedy at law for any damage to Caterpillar's goodwill and business reputation caused by Defendants alleged trademark infringement." Here, however, we are not concerned with presumed harm from trademark infringement, only with Boyd's claim of financial harm from lost rents and out of pocket expenses. There are adequate, and available, legal remedies available to Boyd, to attempt to obtain compensation.

Boyd's assertion that "[m]onetary damages are insufficient as it is unclear whether any of the Defendants are solvent, have assets to attach or otherwise enforce any judgment" (MPA, 17:2-5) is conjecture and is made without evidentiary support. In contrast to the circumstances of *In re Estate of Ferdinand Marcos, Human Rights Litigation,* 25 F.3d 1467, 1480 (*Marcos*), cited by Boyd in its moving papers (MPA, 15:12-17), Boyd offers no evidence here that this is an "extraordinary case" that would justify enjoining defendants from transferring, secreting, or dissipating their assets. In *Marcos*, supra, it was observed that the district court had based its conclusion that there was substantial danger of the defendants evading judgment based on several compelling facts. The court of appeals summarized the district court's findings, as follows:

> In support of this conclusion, the district court found (1) that an ultimate judgment would likely exceed $320 million, (2) that the Estate has about $320 million in assets in banks in Switzerland and Hong Kong, (3) that the Trajano plaintiffs have been unable to execute upon Imee Marcos-Manotoc's assets to collect the $4.4 million judgment, (4) that federal courts have twice enjoined the Marcoses from transferring or secreting assets, based on a pattern and practice of secreting assets through foreign bank accounts by the use of aliases and shell corporations, [citations] and (5) that no probate proceedings had been opened for Ferdinand Marcos.

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                    -8-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   Boyd does not seek to enjoin defendants in their use of their assets pendente

2  lite. Rather, Boyd argues that money damages are inadequate because defendants

3  have engaged in a pattern or transferring, secreting and dissipating their assets.

4  (MPA, 15:12-17.) However, the "evidence" attached to Boyd's application for a TRO

5  regarding alleged improprieties in the defendants' business dealings does not

6  establish any pattern of evading judgment much less rise to the "extraordinary" level

7  of the evidence produced by the plaintiff in the *Marcos* case.

8   Boyd also references "actual photographs" to attempt to evidence "unsanitary health

9  and hazardous conditions" that might justify immediate injunctive relief, but the

10  photographs raise more questions than they answer, are undated and unauthenticated, and do

11  not depict the "biohazards" of which Boyd complains (MPA, 10:10-11; photographs

12  (Docket no. 16.) Indeed, the "hazardous waste" referenced in the declaration of Douglas

13  Boyd is described only as "old paint and oil." (Declaration of D.P. Boyd, Docket no. 14,

14  5:6-7.)

15

16   **D. The Grant of a TRO Would Not Provide Boyd Relief or Possession of the**
     **Subject Premises Because Non-Parties Mendez and Terracotta LLC are Also**
17     **Occupants**

18

19   Boyd acknowledges that Cecilia Mendez is an occupant of the subject premises and

20  that she is not named as a defendant in this action. (MPA, 3: 28.) Even were a TRO or

21  preliminary injunction granted to force other occupants to move, it could not force Mendez

22  and Terracotta LLC to move, and Boyd would not secure possession of the subject premises.

23  Under California law, which is controlling in this instance, an action for ejectment must be

24  brought against the person who is occupying the premises in question at the time of the

25  commencement of the action.  (*Carleton v. Townsend*, 28 Cal.219, 224 (1865).) If Ms.

26  Mendez and Terracotta LLC were in possession of the subject property at the time the

27  instant action arose, a fact which is not in dispute, then they are proper and necessary parties

28  to the action.  Alternatively, if several parties were in possession at the time of the

29  commencement of the action, it is well settled under California law that *all of them* should

30  be made defendants. (*See Hicks v. Davis*, 4 Cal.67, 69 (1854).) Boyd's application seeks

31  relief against all named defendants, some of whom have not even been served, much less

32

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                              -9-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

appeared, and it effectively seeks relief against Mendez and Terracotta LLC whom Boyd acknowledges were not named and are subject to a bankruptcy stay. (Docket no. 1, 3: 24-28; 8:10-18.) (See also Federal Rule of Civil Procedure Rule 19 (A) and (B) (Required Joinder of Parties) which defines a person who must be joined in the action as one, in whose absence, "the court cannot accord complete relief among existing parties" and who claims an interest that if the action is disposed of would "as a practical matter impair or impede the person's ability to protect the interest" or that would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.") Because the state court has confirmed that Mendez is an occupant of the subject premises and that Boyd must apply for relief from the automatic bankruptcy stay before proceeding on another writ of possession, and because Mendez/Terracotta LLC are not parties defendant in this action, a TRO or preliminary injunction could not accord complete relief among the existing parties and would leave the defendants subject to inconsistent obligations. For this reason, injunctive relief is not appropriate on either an ex parte or noticed basis and should be denied.

### E. Security is Required of the Moving Party Not the Enjoined Party

Boyd is effectively requesting a mandatory injunction that would force the defendants to permanently move out of leased premises. Boyd argues nevertheless that it should not be subject to the requirement of Rule 65 (c) that the moving party seeking a TRO post a bond. Boyd offers an "alternative' that defendants be ordered to post a "bond of at least $120,000 for Past Due Rents and Expenses and Be required to Pay the Monthly Rental and CAM Expense of at Least $6,200 Per Month if this Application is Denied." (MPA 18: 9-12.) Boyd provides no legal authority for the novel proposition that, in the event its application is *denied*, *defendants* should be required to post a bond to compensate Boyd for rent and CAM charges. Rule 65 (c) provides that the court may issue a TRO or preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Boyd's request that it be excused from posting security and/or that the *defendants* post a bond if the TRO is *not* granted should therefore be denied.

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S FIRST EX PARTE
APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION                         -10-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

# VI. <u>CONCLUSION</u>

Boyd is attempting without any authorizing statute or rule to secure all the relief it seeks in this lawsuit by way of an ex parte application that denies defendants due process of law. For the reasons set forth above, Boyd has failed to demonstrate any probable success on the merits, specifically in light of the fact that non-joined parties are occupants of the subject premises and Boyd is subject to an order of the state court to seek relief from a bankruptcy stay before further seeking a writ of possession. Boyd has failed to demonstrate that its legal remedies are not adequate or that there is any pressing need for emergency relief. The ex parte application for a TRO and order to show cause re preliminary injunction should therefore be denied.


Respectfully Submitted,

Dated: September 9, 2010                    ALLMAN & NIELSEN, P.C.


                                            By: ___/s/_____

                                            Sara B. Allman
                                            Attorneys for Defendants
                                            MARIO JUAREZ, an individual, and
                                            THE MARIO JUAREZ SELLING TEAM

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

## PROOF OF SERVICE

I am a citizen of the United States and employed in Marin County, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Larkspur Landing Circle, Suite 212, Larkspur, California 94939-1743.

On this date I served the foregoing documents described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S FIRST EX PARTE APPLICATION FOR TRO AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

on the interested parties in the action by placing [ ] the original [x] a true copy thereof, enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| S. Raye Mitchell<br>Attorney at Law<br>1300 Clay Street Suite 600<br>Oakland, CA 94612<br>510-836-0102<br>Fax: 510-380-6531<br>Email: mitchellsr@aol.com | Attorneys for Boyd Real Property LLC<br>*a California limited liability company* |
| Erika Jordening<br>Law Offices of Erica Jordening<br>1376 De Solo Dr<br>Pacifica, CA 94044<br>(415) 706-2930 | Attorney for Defendants<br>MARIO JUAREZ, AN INDIVIDUAL,<br>AND THE MARIO JUAREZ SELLING<br>TEAM |

[x]   **BY MAIL:** I deposited such envelope with postage thereon fully prepaid in the mailbox regularly maintained by the delivery service carrier at Larkspur, California.

[ ]   **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

[ ]   **BY FACSIMILE:** I sent such document via facsimile to the facsimile machine of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on September 9, 2010, at Larkspur, California.

NOLI VILLA

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726