1  S. R. Mitchell (SBN 172664)
   Attorney at Law
2  1300 Clay Street Suite 600
3  Oakland, CA 94612
   510.836.2097 (ph)/510.380.6431 (fax)
4  Attorney for Plaintiff

5

6  # IN THE UNITED STATES DISTRICT COURT

7  # FOR THE NORTHERN DISTRICT OF CALIFORNIA

| 8  | Boyd Real Property LLC, a California limited liability company | Civil Case No.: C1003142 THH ADR |
|---|---|---|
| 10 | Plaintiff, | |
| 11 | vs. | *Plaintiff's Reply* Memorandum of Points and Authorities in Support of Application for Temporary Restraining Order and Order to Show Cause **Re Preliminary Injunction.** |
| 12 | **The Mario Juarez Selling Team** (form of entity unknown); **Mario Juarez**, an individual; **The Neal Juarez LLC**, a California limited liability company; **Verdes Bio Fuel Company** (form of entity unknown):**American First Financial Corp**. a California corporation; **Fireside California Group**, a California corporation; **Francis Mabel Nunez**, an individual; **Erika Jordening**, an individual; **Edwin Ramirez**, an individual; **Jimena Olmos**, an individual; **Jennifer Juarez**, an individual; **Jose Ontiveros**, an individual; **Dario Laza**, an individual, **Fernando "El Carinoso" Martinez**; an individual, **Will Jimenez**, an individual **Adalberto "TITO" Gutierrez**, an individual, **Bernardo Villafuerte**, an individual, **Carmen Acosta**, an individual, **Delia Dorantes**, an individual, **Eleyna Felix**, an individual, **Enedina "Dina" Munguia**, an individual, **Ezequiel Zarate,** an individual, **Frank Coello**, an individual, **Gaberiel Ortiz,** an individual **Irma Reynoso,** an individual, **Jonathan Izazaga,** an individual, **Rosa Valencia**, an individual, **Rosalia Negron**, an individual, **Sonia Dominguez**, an individual, **Stephanie Candevan**, an individual, **Sue Mei**, an individual, **Wilfred Negron**, an individual **Does 1-10.** Defendants. | Hearing Date: TDB  Hearing Time: TDB  Court Room: TDB |

_____

Plaintiff's Reply Memorandum in Support of TRO  1         1300 Clay Street Suite 600/Oakland, CA 94612

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff files this reply memorandum in support of its Application for TRO and Order to Show Cause Re: Preliminary Injunction. Defendants, Mario Juarez and The Mario Juarez Selling Team are the only defendants that file an opposition.

The Court should note that the opposition of Mario Juarez and The Mario Juarez Selling Team is completely *devoid* of any admissible evidence contradicting any factual allegation submitted with this application. In deed, the opposition attempts to stand behind the alleged bankrupcty status of a third party, not a defendant in this matter. Defendant Mario Juarez ("Juarez) and The Mario Juarez Selling Team ("The Selling Team), despite the opportunity, produces no declaration or evidence of this Cecilia Mendez or the phantom company Terrocota LLC alleging it has possession of the property or that it has an interest in possession to protect. Finally, Juarez and The Selling Team produce substantial argument about past judicial proceedings and a court order, but, produces no argument or evidence that collateral estopple or res judicata applies in this case. In deed, Juarez and The Selling Team all but concede that they have no rights to possession or to remain on the property. There is no denial of a final Judgment of Restitution and there is no denial that neither Juarez nor The Selling Team are not paying for it use and occupancy. Finally, neither Juarez nor The Selling Team deny that they are dumping waste, human waste and other health hazardous materials on the property.

I.   **Reply Statement of Facts**

A.   **There are no Facts in the Record Concerning Lease Negotiations Between Terrocotta LLC and This Point is Not relevant to Claims Raised in the TRO Application.**

This point is another smoke screen by Juarez and The Juarez Selling team. It is wholly immaterial and not relevant as to the matters of this case. Boyd Real Property does not allege that

---

it has or had any lease agreement with Terrocotta LLC. Terrocotta LLC does not make a declaration stating it has a lease with Boyd Real Property.

**B.    The First Unlawful Detainer Action is Not Relevant to this Application.**

**C.    The Second Unlawful Detainer Resulted in a Judgment for Restitution in Favor of Boyd Real Proprty: Juarez and The Selling Team Make No Showing that a Post Judgment Order has Collateral Estopple  or Res Judicata Effect**.

Defendants Juarez and The Selling Team present no facts by admissible evidence of any state court proceedings.  Amazingly, Defendants' Attorney Jordening presents reference to court proceedings via a hearsay declaration.  She presents no trial court records, transcripts or other admissible evidence of any court proceedings.  She simply offers a self-serving declaration, which is hearsay. There are no factual showings in this record that Cecilia Mendez or Terrocotta LLC are in possession of the property at the time of this application.  In deed, there are no declarations from real parties Mario Juarez or The Mario Juarez Selling Team.

There is no dispute that there is a final Judgment for Restitution as to Mario Juarez Selling Team and Fireside California Group, a California corporation.

**III.    Reply Statement of the Case.**

This is a case seeking recovery of real property held unlawfully by trespassers. Responsive pleadings are not yet due from all named defendants.  Defendants The Mario Juarez Selling Team, Mario Juarez, the Fireside California Group, and The Neal Juarez Company LLC all have appeared in this action.

**IV.    Legal Argument**

**A.    Plaintiff's Application is Timely And Compliant: Defendants Proffers no Evidence of Prejudice as They Had Notice and in Deed Have filed an Opposition.**

---

**Plaintiff's Reply Memorandum in Support of TRO  3**          1300 Clay Street Suite 600/Oakland, CA 94612

Defendants' attempt to obfuscate the issues by denying actual notice of the application for TRO. As supported by the Declaration of S. Raye Mitchell, all parties were provided notice of this application for TRO and Order to Show Cause. Defendants have exercised their right to file an opposition. A copy of the Notice of Application was in deed delivered as evidenced by Exhibit A to the Declaration. Actual notice was followed with multiple telephone messages.

**B.  Juarez and The Selling Team Have No Standing Behind a Third Party's Alleged Bankruptcy Status: Boyd Real Property Has Shown Likely Success on its Claims for Trespass and Ejectment.**

Defendants Juarez and The Selling Team are not in bankruptcy proceedings. Defendants Juarez and The Selling Team are not Cecilia Mendez and Terrocota LLC and have no standing to argue any rights of protection by the US Bankruptcy Court. Defendants simply try a slight of hand trick on this Court and attempt to hind behind the alleged bankruptcy status of a party that is not a defendant in this action, and more importantly provides no declaration of this third party.

Next, by alleging that Boyd Real Property cannot recover on its claims, Defendants attempt to apply, without citation to legal or factual authority, collateral estopple and res judicata effect of an Order of the State Court.[1] This is not a landlord tenant case. This is a case for trespass and ejectment. Defendants seeks to have this TRO denied on an implied theory of collateral estopple, but Defendants' motion is remarkable in its failure to provide any factual or legal analysis of the doctrine of collateral estopple to the allegations in the Complaint.

"The preclusive effect of a judgment [prior order] in a prior case presents a mixed question of law and fact in which the legal issues predominate." *Robi v. Five Platters, Inc.*, 838

---

[1] Contrary to Defendants' representations, the order is not final and is on appeal in the Alameda Superior Court Appellate division. Furthermore, Defendants fail to disclose that they have no standing in the matter as Juarez was dismissed from the proceedings and the Judgment as to The Selling Team is final as it failed to timely appeal.

F.2d 318, 321 (9th Cir. 1988) (citations omitted) (citing Blasi v. Williams, 775 F.2d 1017, 1018 (9th Cir. 1985)).

Collateral estoppel is an affirmative defense that must be raised and proven by the party seeking to use it. See, e.g., *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 35 (9th Cir.), cert. denied, 488 U.S. 948 (1988). The preclusive effect of a state court judgment in a federal proceeding is governed by state law. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914-15 (9th Cir.'93), cert. denied, 114 S.Ct. 2675 (1994); see also 28 U.S.C. Sec. 1738.

Under California authority, unlawful detainer actions have very limited collateral estopple effect. Furthermore, Defendants presents NO RECORD OF THE PROCEEDINGS and presents no statement of what issues were litigated and the final rulings therein. As articulated by the California Supreme Court in *Vella v. Hudgins*, "a judgment in unlawful detainer usually has very limited res judicata effect." 20 Cal.3d 251, 255 (1977) (citations omitted). This is due to the summary nature inherent to unlawful detainer actions which bear directly upon the right of possession. See Id. at 258 ("In return for speedy determinations of his right to possession, plaintiff sacrifices the comprehensive finality that characterizes judgments in nonsummary actions."). As such, for an unlawful detainer proceeding to provide res judicata or collateral estoppel effect to subsequent litigation, there must first be the opportunity for a full and fair litigation of the claim or issue before the unlawful detainer court."

As noted in *Vella*," 'full and fair' litigation of an affirmative defense . . . if it is raised . . . and if a fair opportunity to litigate is provided will result in a judgment conclusive upon issues material to that defense." 20 Cal.3d at 256-257.

In this case, there is no record presented of the state court actions. There is no record presented of evidence actually considered by the state court in rendering the order. Further, as in this case, there is no evidence by declaration of Cecilia Mendez on behalf of herself or Terracotta LLC alleging a claim of possession in the state court action or this action. In this case, we have a series of lawyers producing hearsay declarations and no citation to any legal authority supporting the proposition that Juarez or The Selling Team have standing to apply the Order to the facts of

---

this case.[2]

There are no simply no facts that an order as to Juarez, The Selling Team or the named defendants are affected by Cecilai Mendez, Terrocotta LLC and their alleged bankruptcy proceedings. Ms. Mendez is strangely silent as is Mr. Juarez.

### C. Boyd Real Property Meets its Burden of Potentially Irreparable Harm: Imminent Bankruptcy is a Sufficient Showing of Harm When the Defendants Do Not Deny that They Pay No Money for Rent and is Simply Hiding Behind an Absent Party Alleged to be Bankrupt.

Boyd Real Property presents un-refuted evidence of imminent bankruptcy as Juarez and The Selling Team remain on the property driving incremental out of pocket expenses and pay nothing. Boyd Reap Property is not merely losing rental income; it is put in the position of actually paying out of pocket for Juarez and The Selling Team to run its business. Juarez and The Selling Team do not deny that they are trespassing. They do not deny that they are on the property without payment. They do not deny the dumping of waste, human waste and hazardous. They do not deny that they are insolvent and have engaged in a pattern of defrauding creditors. They do not deny or present evidence of a history of corporate entities formed and abandoned leaving creditors without resource.

In deed, Defendants present no defense as to how and why they are permitted to remain on the property. They do present a history of evading removal. A TRO is appropriate to remove trespassers Juarez and The Selling Team have no right to be on the property and assert none. Trespassers have no legal standing. Furthermore, the Judgment for Restitution as to The Selling Team is sufficient support. In fact, Juarez and The Selling Team appear to allege that it has no interest in the property and that all rights accrue to the absent party Cecilia Mendez and

---

[2] As provided in the declaration of Jordening, Mario Juarez was dismissed as a party July 1, 2010 and there is a final judgment as to the Selling Team after it defaulted. A party in default cannot appear subsequently.

---

Terrocotta LLC. Plaintiff's are not obligated to join Cecila Mendez and Terrocota LLA in this action, if neither Cecilia Mendez nor Terrocotta LLC intervene to allege they have a present claim and standing to oppose this TRO. The attorneys for Juarez and The Selling Team simply do not have standing to make such a showing. It is a matter of smoke and mirrors bowing form old litigation that has no bearing on the facts of this case.

### D. There are no Facts to Support that Mendez and Terrocotta Are Occupants of the Property: Juarez and The Selling Team Cannot Hid Behind a Non-Party.

It is the theory and proposition of Juarez and The Selling Team that Mendez and Terrocotta LLC are occupants. There is no evidence in this record that these parties claim any rights or oppose the TRO application. This application for TRO and ejectment is properly directed at the parties in possession. Juarez and The Selling Team do not deny they are in possession. To the extent that Juarez and The Selling Team contend that they have immunity from ejectment based on some claims of non-parties, it is their burden to establish such rights by citation to legal authority and supporting evidence. They have not. It is clear from the pleadings that Juarez and The Selling Team do not claim to be alter egos or privity of Terrocotta LLC or Mendez and such present no authority to this Court as to why they cannot be removed. Furthermore, there is no evidence that Terrocotta LLC even exists has standing under California law to participate in litigation or any other indicia of legal capacity. The burden rests squarely with Juarez and The Selling Team to establish any such showing and they have not.

### E. Juarez and The Selling Team Have no Lease, Have Made No Showing that they Have a Lawful Claim to Be on the Property: The Court Has Wide discretion to Order Them to Post a Bond if they Are to Remain.

Plaintiff cites the discretion and authority of the Court to order a bond in this matter or any other terms deemed just. In contrast, Defendants, Juarez and The Selling Team offer no legal basis for them to remain as trespassers on private commercial property. A bond is required

---

**Plaintiff's Reply Memorandum in Support of TRO  7**             1300 Clay Street Suite 600/Oakland, CA 94612

to protect a party that may have been wrongfully enjoined, however, Juarez and The Selling Team make no showing that it can be wrongfully enjoined, when it has no legal right to be on the property. Juarez and the Selling Team do not allege that they have a lease that is in force. They do not deny that there is a final Judgment of Restitution as to any party claiming a lease to the property. Juarez and the Selling Team are simply seeking to game the judicial system by staying rent free as long as possible, with no legal defense to possession to property to which it has no legal claim. Plaintiff should not be required to post a bond as to its own property and in the alternative, the Court with its wide rule of discretion can require Juarez and the Selling Team to post a bond. No one lives rent free.

If the Court deems it, Plaintiff requests that the matter be set for hearing

Respectfully submitted,

Dated:  September 10, 2010
/s/ S. Raye Mitchell
S. Raye Mitchell
Attorney at Law
Attorneys for Plaintiff

---

**Plaintiff's Reply Memorandum in Support of TRO  8**          1300 Clay Street Suite 600/Oakland, CA 94612