S. **R. Mitchell (SBN 172664)**
**Attorney at Law**
**1300 Clay Street Suite 600**
**Oakland, CA 94612**
**510.836.2097 (ph)/510.380.6431 (fax)**
**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Boyd Real Property LLC, a California limited liability company** | Civil Case No.: C1003142 THH ADR |
| Plaintiff, | |
| vs. | **Plaintiff's Response to Order to Show Cause.** |
| **The Mario Juarez Selling Team (form of entity unknown); Mario Juarez, an individual; The Neal Juarez LLC**, a California limited liability company; **Verdes Bio Fuel Company** (form of entity unknown):**American First Financial Corp**. a California corporation; **Fireside California Group**, a California corporation; **Francis Mabel Nunez**, an individual; **Erika Jordening**, an individual; **Edwin Ramirez**, an individual; **Jimena Olmos**, an individual; **Jennifer Juarez**, an individual; **Jose Ontiveros**, an individual; **Dario Laza**, an individual, **Fernando "El Carinoso" Martinez**; an individual, **Will Jimenez**, an individual **Adalberto "TITO" Gutierrez**, an individual, **Bernardo Villafuerte**, an individual, **Carmen Acosta**, an individual, **Delia Dorantes**, an individual, **Eleyna Felix**, an individual, **Enedina "Dina" Munguia**, an individual, **Ezequiel Zarate**, an individual, **Frank Coello**, an individual, **Gaberiel Ortiz**, an individual **Irma Reynoso**, an individual, **Jonathan Izazaga,** an individual, **Rosa Valencia**, an individual, **Rosalia Negron**, an individual, **Sonia Dominguez**, an individual, **Stephanie Candevan**, an individual, **Sue Mei**, an individual, **Wilfred Negron**, an individual **Does 1-10.** | **Response Date:   September 27, 2010** |
| Defendants. | |

## I.      Introduction

Plaintiff Boyd Real Property LLC ("BRP") filed its action pursuant to diversity jurisdiction and respectfully submits that the state Court action pursuant to the limited jurisdiction summary proceedings under California Code of Civil Procedure § 1159 et al is a related case of the sort that would deprive this Court of jurisdiction or otherwise require a stay. Similarly, the bankruptcy proceedings of a non-party should not deprive this Court of jurisdiction or require any further action in the form of a stay.

BRP respectfully submits its response to the Order to Show Cause of this Court issued September 10, 2010. Plaintiff contends that jurisdiction is proper as there is no related state court action pending that addresses the same issues and the same parties or that would grant the Plaintiff same or similar relief.  This Response also provides the Court with updated information and events that have occurred since the court issued its Order—to wit**, an Emergency Restring Order** has issued by the State Court against Mario Juarez who hit, pushed, injured, hit in face and ripped the clothes and ripped off the buttons on the clothing of Plaintiff's counsel S. Raye Mitchell.  Criminal complaints for felony violence against a witness (CA Penal Code 136.1, Criminal Trespass (CA Penal Code 602) and Criminal Battery (CA Penal Code 245) have been filed with the Alameda County District Attorney.  See Declaration of S. Raye Mitchell **Exhibit A** for a true and correct copy of the TRO issued *Mitchell vs. Mario Juarez,* Alameda County Superior Court Case No. RG10537688. The order of protection extends until October 12, 2010 and protects S. Raye Mitchell, Inyoung Boyd, Douglas Boyd (members of Plaintiff's LLC) and Juan Flores (Property Manager and employee of Plaintiff)

Furthermore, for the reasons, stated herein, Plaintiff contends that the State Court Action in the matter of *Boyd Real Property LLC vs. Fireside California Group, Inc*, et al has reached final judgment as to the matter of restitution of the subject property under a landlord-tenant theory (Alameda County Superior Court Case No. RG10500488).  The issues of enforcement of

the judgment are a quasi-related case in that Plaintiff was informed that the execution of the

Judgment was administrative and clerical error and thus the issues addressed there are not

duplicative of the issues raised in this case.  Declaration of Raye Mitchell.

*A.*      ***Critical Updates Since Court Denied Plaintiff's Application for TRO***

**Plaintiff's Counsel Did not Fail to Disclose a Potentially Critical Fact to this Court:
Discovery of Conflicting Court Orders Issued and Not Received on July 9, 2010**

In its Order Denying Plaintiff's *Ex parte* Application, the Court references "what appears

to failure to mention what appears to be a critical fact may violate Rule 11. . ."  Plaintiff's

counsel was under the impression that the writ of possession was quashed based on clerical

oversight.  Counsel has been unable to obtain further information as to what is or was the clerical

oversight by the Clerk.  The civil clerk was unable to articulate the clerical oversight and an

inquiry to Honorable Judge Roech generated no response.  The Clerk of the Appellate Division

stated that writ of possession can be reissued, but no one knows the procedure.  Plaintiff's

counsel failed to mention the administrative issue, as it did not appear to be substantive.

Upon further investigation Plaintiff's counsel subsequently ***found two different*** and

**conflicting Court Orders dated July 9, 2010**.  Defendant appears to have produced one.

Declaration of R. Mitchell, **Exhibit B** for a true and correct copy of the July 9, 2010 Order

quashing writ based on "clerical oversight."

The Judgment for Restitution of Premises is final and there is no state court action

pending that operates to reverse said judgment. The state court action concerned a limited

jurisdiction summary proceeding concerning landlord tenant issues.  Nothing in California legal

authority prevents the real property owner form pursuing a civil action based on trespass and ejectment as to the same real property.  A civil cause of action for ejectment and trespass cannot be joined in summary proceedings to recover possession under CCP § 1152 et seq.  To do so would defeat the nature of the summary proceedings afforded landlords.

## II.    ISSUES RAISED IN ORDER TO SHOW CAUSE

The Court's Order to Show Cause raised two issues:

**a)    Why this Court can and should exercise jurisdiction over a case that appears to have related state court proceedings.**

Plaintiff's short answer is that this Court can exercise diversity jurisdiction over this case as this Court has original jurisdiction pursuant to 28 USC §§ 1332(a) as all members of the limited liability partnership (plaintiff) are citizens of the State of Nevada and all defendants are all citizens of the State of California. The citizenship of the members is set out in the complaint and in the declaration of Douglas Boyd filed in these proceedings.

This Court should exercise jurisdiction of this matter as the state action of *Boyd vs. Fireside California Group, Inc et al*, Alameda County Superior Court case No RG10500488 ("UD Action 2") is a limited jurisdiction, summary unlawful detainer action that has reached final judgment.  Such judgment has not and will not be disturbed on appeal as no party with standing had filed an appeal or contested any subsequent court orders or the writ of possession. By operation of the law, Plaintiff could not raise the same issues and name the same defendants in UD Action 2 and still pursuant summary proceedings.  Conversely, the list of affirmative defenses that defendants now assert in this case would have been barred in the UD Action 2 as the law only permits affirmative defenses that relate to possession and possession based on a

landlord-tenant relationship. An action for trespass and ejectment is the appropriate civil remedy to remove persons from real property not subject to a landlord-tenant relationship.  D

**b)     Why this Court can and should exercise jurisdiction over a case that appears to have related bankruptcy court proceedings.**

Plaintiff does not contend that Ms. Mendez and or her company are indispensable defendants in this matter.  It is Defendants that allege that Cecilia Mendez and or Terracotta LLC are indispensable defendants in this matter.  It is undisputed that Terracotta LLC is not in bankruptcy and Plaintiff submits that the bankruptcy proceeding of Cecilia Mendez is not material to this case unless and until Defendants obtain relief to have her and or her company joined as indispensable defendants.  Plaintiff contends that Mendez and or her company may be proper defendants and have not exercised that election to name her as a defendant as there is still a factual investigation underway.  Furthermore, because she is in a bankruptcy proceeding, Cecilia Mendez cannot be named as a party or defendant in this action absent a court order. Plaintiff contends it is not required to name Cecilia Mendez until it is able to complete its investigation into the facts as required by Federal Rules of Civil Procedure, Rule 11.

As the matter now appears, it is only Defendant Mario Juarez, and the other defendants that have appeared and allege an **affirmative defense** that Cecilia Mendez and or her company Terracotta LLC are indispensable defendants in this matter and or parties in possession.  Plaintiff submits that the burden lies with Defendants to establish their affirmative defenses and if true, seek leave of the US Bankruptcy Court to join Cecilia Mendez and or her company Terracotta LLC in these proceedings.

The matter of tenancy and landlord-tenant relationship was properly determined in the UD Action 2. Cecilia Mendez nor her company Terracotta LLC appeared in said matter to claim any rights prior to or subsequent to any final Judgment for Restitution of Premises.  Neither party

asserts they are occupants of said property and even the Declaration of Lewis Phon, filed in this case on August 6, 2010, does not allege that Cecilia Mendez or her company are parties occupying the space at 4030A International Blvd and does not assert any motions to the US Bankruptcy Court to initiate an adversary proceeding to determine any rights of Cecilia Mendez. And or her company.  Furthermore, the Declaration of Mario Juarez and Lewis Phon are not sufficient to establish a claim by Cecilia Mendez and or Terracotta LLC.  Competent evidence should have come from Cecilia Mendez and her company Terracotta LLC.

Even, if they produced a declaration hence forth, they have not petitioned this court as a party intervention and have not to the best of Plaintiff's knowledge petitioned the US Bankruptcy court for an order for intervention. In short, there is no defendant in this action in bankruptcy proceedings. Mario Juarez and other third parties do not have standing to assert any rights of Cecilia Mendez or Trrracotta LLC.  Plaintiff contends that any Defendant can petition the Bankruptcy Court for relief form the automatic stay to join Cecilia Mendez and or her company as a defendant.  Plaintiff is not obligated to adopt Defendants' theory of the case and properly exercised its choice of defendants and it federal right to seek federal court jurisdiction based on diversity for its claims. Furthermore, Cecilia Mendez can petition the Bankruptcy Court to join this action as a party intervention and if the court so permits, then there is no application of the automatic stay.

## II.    ARGUMENT

**A.**    **THE STATE COURT ACTION HAS BEEN REDUCED TO FINAL JUDGMENT: THERE ARE NO FURTHER ISSUES TO ADJUDICATE AS TO LIABILITY AND RIGHTS TO POSSESSION AND THE COURT SHOULD NOT DEPRIVE THE PLAINTIFF OF ITS RIGHT TO ORIGINAL JURISDICTION IN THIS COURT.**

**1.**    **The State Court Action was a Limited Jurisdiction Summary Proceeding and The Judgment is Final: The Legal Issues and Facts in this Case Are Different and Involve Different Parties.**

It is undisputed that there is a final Judgment in Plaintiff's State Court action.  The Judgment has not been vacated, modified, recalled or otherwise disturbed.  The Judgment is not the subject of any Appeal to the Appellate Division of the Superior Court. The possible ambiguity in the matter is the administration and alleged "clerical oversight" in the execution of the judgment by and through the Alameda County Sheriff or whether there is a defendant in the action such that the trail court was obligated to stay proceeding pending an application to the bankruptcy court.  The ambiguity as to how to execute the judgment does not render the judgment ambiguous, void or without effect. The ambiguity appears to render uncertainty as to how and when the Sheriff of Alameda County may effect a final eviction as to the tenants. There is no pending case contesting who is a tenant.

An eviction is not the exclusive remedy for a property owner to recover possession of its real property.  California Civil Code § 760.010-764.070 permits a property owner to maintain an action for trespass and ejectment to remove persons on the property of the owner there without permission and unlawfully. However, there is no statutory or case law found that bars any action for trespass or ejectment simultaneous with a separate action in summary proceedings.

The Court in this case asks why this court should exercise jurisdiction in light of an apparent related state court action pending.  Plaintiff contends that is no State Court action pending in which further evidence or proceeding shall commence.  The case has concluded to Judgment and the ambiguous Orders after judgment do not reopen the matter of termination of tenancy, unlawful possession or claims of possession. All parties in possession of the property are there unlawfully.  Plaintiff seeks via this federal action to remove the unlawful occupants. The State Court action merely reduced to judgment Plaintiff's right to possession and recovery.

In the matter of *In re WINDMILL FARMS, INC*., *Debtor*, *.VANDERPARK PROPERTIES*, *INC*, vs. .David L. BUCHBINDER, Trustee of Windmill Farms Management Company, Inc., 841 F.2d 1467 (1987 United States court of Appeals Ninth Circuit), the court provides an analysis of the California unlawful detainer statutes as recites:

> "We look to California's unlawful detainer statutes to determine when a lessee's right to possession is terminated in these circumstances. See Cal.Civ.Proc.Code Sec. 1161 (West 1982). A tenant who is guilty of unlawful detainer cannot possibly have the right to possession of the property. He still may be in possession of the property, but his possession is not rightful; it is unlawful. California Code of Civil Procedure section 1161 specifies when this possession becomes unlawful:
> A tenant of real property ... is guilty of unlawful detainer:
> ....
> When he continues in possession ... without the permission of his landlord ... after default in the payment of rent, pursuant to the lease ... under which the property is held, and three days' notice, in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him...

Plaintiff's reaming claims for trespass and ejectment are not pending in the State Court action and in deed, could not have been litigated in summary proceedings under the statutes.  In a long line of California Authority, it has been held that "[a]n unlawful detainer action is . . . governed solely by the provisions of the statute creating it." *Kwok v. Bergren* (1982) 130 Cal.App.3d 596, *Fifth & Broadway Partnership v. Kimny, Inc*. (1980) 102 Cal.App.3d 195, 200 and citations thereon[1]; see also *Bank of America v. Button* (1937) 23 Cal.App.2d 651, 652 [74 P.2d 81]; *Woods-Drury, Inc. v. Superior Court* (1936) 18 Cal.App.2d 340, 344.  As special proceedings are created and authorized by statute, the jurisdiction over any special proceeding is limited by the terms and conditions of the statute under which it was authorized. *Lay v. Superior Court* (1909) 11 Cal.App. 558, 560.

Plaintiff has a right to invoke the original jurisdiction of this Court under 28 USC §§ 1332(a) and has done so.  Plaintiff properly pleads the elements of diversity jurisdiction. A

concluded state court action does not appear to bar or impede Plaintiff's claims as asserted in this case and do not divest this Court of jurisdiction to proceed in this matter.

**2.  The State Court Action Does Not Appear to Squarely Meet the Definition of a Related Case as Defined in Local Rules 3-12.**

Local Rule 3-12 states a Related Cases as an action is related to another when:

**(1)** The actions concern substantially the same parties, property, transaction or event; and

**(2)** It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

In this case, there are substantially the same parties and property involved in the State Court action of *Boyd Real Property vs. Fireside California Group, Inc.*, however, in this Federal Action, there is an expanded list of defendants and claims that were otherwise not permitted in the state court summary proceedings and action.  Next the State Court Action has in fact narrowed the issues that are subject to litigation in the Federal Action as there is now a final Judgment for Restitution of Premises.  The matter of tenancy and right of possession have been properly disposed of in the State Court Action and defendants cannot re-litigate the mattes in Federal Court as some form of appeal or review of the State Court matter.

It is true that Defendants may want to re-litigate the matter of the alleged tenancy of Cecilia Mendez and or Terracotta LLC, however it is Defendants' burden to establish by applicable affirmative defenses and the controlling law therein.

Furthermore, under prong two of the above definition, the State Court Action is not related to the Federal Court action, as it is not likely that there will be burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.  The State Court Action has been reduced to final Judgment for Restitution of Premises in favor of the Plaintiff.  Defendants do not have standing and cannot as a matter of law re-litigate the State

Court Actions as to tenancy, rights to possession and the alleged tenancy of Cecilia Mendez and or Terracotta LLC or the validity of the writ of possession.

**B.      THERE IS NO DEFENDANT IN THIS MATTER THAT HAS DECLARED THAT IT IS UNDER THE JURISDICTION OF THE US BANKRUPTCY COURT: CURRENT DEFENDANTS DO NOT HAVE STANDING TO ASSERT BK CLAIMS FOR NON-DEFENDANTS CECILIA MENDEZ AND OR TERRACOTTA LLC.**

**1.      Cecilia Mendez and Terracotta LLC are not Defendants in this Matter and thus there is no Related Bankruptcy Case Pending as to Any Defendant.**

Neither Cecilia Mendez nor her company are defendants in this matter and the current defendants do not have standing to allege protection of the bankruptcy court in her absence.  It is the burden of the parties asserting protection of the bankruptcy court to assert and prove such to the Court.  Plaintiff, upon discovery of further facts, may or may not petition the Bankruptcy Court for relief to join Cecilia Mendez.  The company, Terracotta LLC is not in bankruptcy

It is only Mario Juarez and the other defendants seeking to import the bankruptcy proceeding of Cecilia Mendez into this case.  Plaintiff contends that the burden of proof should fall onto the defendants asserting such claims and that the defendants should seek leave form the Bankruptcy Court to join Cecilia Mendez and or her company as indispensable defendants.  Thus the short answer to the inquiry of the Court is that there is no reason to stay these proceedings as there is no related bankruptcy case pending.  Plaintiff can proceed with its claims in the Complaint with or without Cecilia Medendez and or Terracotta LLC.

Plaintiff respects that this Court raises the issue *sua sponte*, however, it is undisputed that no defendant named in the Complaint is in bankruptcy proceedings.  Furthermore, neither Cecilia Mendez nor her company, Terracotta LLC, has petitioned any court to stay these proceedings based on her pending bankruptcy action.  There has been no briefing by any defendant alleging with supporting competent evidence that Cecilia Mendez and or her company is an indispensable

party to this action.  Nor has any defendant filed any pleading in the Bankruptcy court to bring Cecilia Mendez and or her company into this action.  Plaintiff does not adopt such theory of the case and respectfully declines to invite Cecilia Mendez into this case as a defendant at this time. Should other facts emerge, Plaintiff may have a factual and or legal basis to seek an amendment to bring Cecilia Mendez into this action.  Such request would be accompanied by the required order from the bankruptcy court granting relief form automatic stay.

### III.   CONCLUSION

Plaintiff contends that original jurisdiction based on diversity is proper.  Plaintiff contends that there is no State Court Action pending that would otherwise divest this Court of jurisdiction or run the risk of conflicting results if the cases are conducted before different Judges.  The matter of a right to possession as to the subject property has been determine and reduced to final Judgment for Restitution of Premises in favor of the Plaintiff.  The matter now pending before the Appellate Division of the Alameda Superior Court does not seek to disturb the Judgment. The only issue pending in the State Court Action is clarification and implication of permanent execution of a writ of possession and nothing prohibits a preliminary injunction seeking possession pending a final ruling on a claim of trespass or ejectiment.  The legal question of unlawful possession has been determined.

Lastly, no defendant in this matter has a proceeding pending in the US Bankruptcy Court. Cecilia Mendez is not a party to this action and neither is her company Terracotta LLC.  To the extent that any defendant alleges that she is an indispensable party, they are free to file such motions as permitted to determine such.

Respectfully submitted,

Dated:  September 27, 2010                       /s/ S. Raye Mitchell
                                                                S. Raye Mitchell
                                                                Attorneys for Plaintiff