1

2  Sara B. Allman, Esq. CSB #107932
3  ■Allman & Nielsen, P.C. ■
   100 Larkspur Landing Circle, Suite 212
4  Larkspur, CA 94939
5  Telephone:  415.461.2700
   Facsimile:   415.461.2726
6  E-Mail:      all-niel@comcast.net
7
8  Attorney for Defendants
   MARIO JUAREZ, INDIVIDUALLY, AND
9  ERRONEOUSLY SUED HEREIN AS MARIO JUAREZ SELLING TEAM,
   EDWIN RAMIREZ, JENNIFER JUAREZ, AND JIMENA OLMOS
10

11

12              IN THE UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15  Boyd Real Property LLC, a California          Case No.:  3:10-cv-03142-TEH
    limited liability company,
16                                                **OPPOSITION OF MARIO**
17          Plaintiff,                            **JUAREZ, THE MARIO JUAREZ**
                                                  **SELLING TEAM, EDWIN**
18  v.                                            **RAMIREZ, JENNIFER JUAREZ,**
                                                  **AND JIMENA OLMOS TO**
19                                                **PLAINTIFF'S RESPONSE TO**
    The Mario Juarez Selling Team (form of        **ORDER TO SHOW CAUSE**
20  entity unknown); Mario Juarez, an
21  individual; The Neal Juarez LLC, a
    California limited liability company; Verdes
22  Bio Fuel Company (form of entity unknown):
23  American First Financial Corp. a California
    corporation; Fireside California Group, a
24  California corporation; Francis Mable Nunez,
25  an individual; Erika Jorndening, an
    individual; Edwin Ramirez, an individual;
26
    Jimena Olmos, an individual; Jennifer Juarez,
27  an individual; Jose Ontiveros, an individual;
28  Dario Laza, an individual, Fernando "El
29  Carinoso" Martinez; an individual, Will
30  Jimenez, an individual,  Adelberto "TITO"
    Gutierrez, an individual, Bernardo
31  Villafuerte, an individual, Carmen Acosta, an
32

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1   individual, Delia Dorantes, an individual,
2   Eleyna Felix, an individual, Enedina "Dina"
    Munguia, an individual, Ezequiel Zarate, an
3   individual, Frank Coelle, an individual,
4   Gaberiel Ortiz, an individual, Irma Reynoso,
    an individual, Johnathan Izazaga, an
5   individual, Rosa Valencia, an individual,
6   Rosalia Negron, an individual, Sonia
7   Dominguez, an individual, Stephanie
    Candevan, an individual, Sue Mei, an
8   individual, Wilfred Negron, an individual
9   Does 1-10.,

10          Defendants.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

**OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ**
**SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND**
**JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO**
**SHOW CAUSE**

ALLMAN & NIELSE P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... iv

I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED...................... 1

II.   STATEMENT OF RELEVANT FACTS ........................................................... 3

III.  LEGAL ARGUMENT ................................................................................... 5

   A. This Court Must Decline Jurisdiction Because the State Court Has Exclusive
   Jurisdiction. ......................................................................................................... 5

   B. Boyd's Explanation for Not Previously Disclosing To This Court the Existence of an
   Order Quashing the Writ of Possession Omits Material Facts. ........................................ 6

III.    CONCLUSION ......................................................................................... 7

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-iii-

# TABLE OF AUTHORITIES

**Cases**

*Hagan v. Lucas,*
(1836) 35 U.S. (10 Pet.) 400, 403 ........................................................................ 6

*Heidritter v. Elizabeth Oil Cloth Co.,*
(1884) 112 U.S. 294, 305 ...................................................................................... 5

*In re Windmill Farms, Inc.*
(9th Cir. 1988) 841 F.2d 1467 .............................................................................. 1

*Kline v. Burke Const. Co.,*
(1922) 260 U.S. 226, 230 .................................................................................. 5, 6

*State Engineer of the State of Nevada v. South Fork Band,*
(9th Cir. 2003) 339 F.3d 804 ........................................................................... 5, 6

**Statutes**

*Federal Practice and Procedure* § 3631 ............................................................. 6

**Rules**

FRCP, Rule 11 ...................................................................................................... 7

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE
-iv-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

## I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Plaintiff Boyd Real Property LLC (hereafter "Boyd" or "plaintiff") was requested to show cause "why this Court can and should exercise jurisdiction over a case that appears to have related state court and bankruptcy proceedings pending." (See Order Denying Plaintiff's Application For Temporary Restraining Order And to Show Cause As to Jurisdiction "Order Denying TRO and OSC," Docket 28, p. 2:1-3.)

Boyd's show cause response can be reduced to three points: 1) the allegations of plaintiff's complaint invoke the subject matter jurisdiction of the federal court on the basis of diversity of citizenship; 2) the default judgment of restitution of the premises Boyd obtained as to Fireside California Group and The Mario Juarez Selling Team in state court only determined the issue of possession so the state court action is necessarily unrelated to the federal court action for trespass and ejectment; and 3) no party defendant in this federal court action is a party to the bankruptcy proceedings so the bankruptcy proceedings are necessarily unrelated.

Boyd's show cause response does not squarely address the court's order—it provides no legal analysis on the issue of jurisdiction, omits material facts, and makes points on irrelevant matters. Plaintiff's show cause response cites but one case, and that case pertains only to plaintiff's point that the issue of possession has already been determined by the state court. (Show Cause Response, Docket 34, p. 8, citing *In re Windmill Farms, Inc.* (9th Cir. 1988) 841 F.2d 1467.)[1]  Plaintiff also points out (for no apparent reason related to the issue that is before the Court) that plaintiff's counsel has obtained a temporary "Emergency Restring *(sic)* Order" against defendant Mario Juarez and that criminal "complaints" have been filed. (Show Cause Response, Docket 34, p. 2:12-24.)[2]

---

[1] Plaintiff also cites Local Rule 3-12 for the definition of a related case. (Show Cause Response, Docket 34, p. 9:3-10.)

[2] Plaintiff makes this point, which has no bearing on the issue of jurisdiction, and fails to disclose that Mr. Juarez *previously* obtained a temporary civil harassment restraining order against plaintiff's counsel after plaintiff's counsel arrived on the subject premises and attempted to lock out the occupants herself. (See RJN Exhibits 8 and 9 and Allman Declaration.)

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-1-

Boyd does not directly reveal that it has appealed the state court's order quashing the writ of possession—in fact, Boyd claims that the state court action is "concluded." (Show Cause Response, Docket 34, p. 9: 1.) Although plaintiff vaguely alludes to an appeal under the heading "CONCLUSION" (Show Cause Response, Docket 34, p. 11:12-20), it does not specifically disclose that it appealed the order quashing the writ of possession and that the state court action thus is *not* concluded. (See Declaration of Sara B. Allman, hereafter "Allman Declaration.") Its position appears to be that because there is a judgment of restitution, subsequent orders and proceedings in the state court action have no relevance to the issue of this Court's jurisdiction. Boyd asserts that the judgment of restitution is final and "has not and will not be disturbed on appeal as no party with standing had filed an appeal or contested any subsequent court orders or the writ of possession." (Show Cause Response, p. 4:23-24.) But, as noted, plaintiff itself filed an appeal of the order quashing the writ of possession.

Boyd tiptoes around the fact that the state court quashed the writ of possession because of the bankruptcy of Ms. Mendez. It should also be noted that, since filing its show cause response in this Court and stating therein that it "respectfully declines to invite Cecilia Mendez into this case as a defendant at this time" (Show Cause Response, Docket 34, p. 11:2-3), on October 4, 2010, plaintiff filed a motion for relief from the automatic stay in Bankruptcy Court in order to proceed against Ms. Mendez in both the pending state court action (that plaintiff claims is "concluded") and in this federal court action. (See Allman Declaration.) If the state court action truly is "concluded," then why is plaintiff pursuing leave for relief from the automatic stay to proceed against Ms. Mendez and Terracotta LLC *in that action*? It is submitted that the relief from stay plaintiff seeks anticipates further orders of the state court and the further exercise of jurisdiction by the state court over the subject premises.

Regardless of the outcome of plaintiff's state court appeal or its motion for relief from the bankruptcy stay, prior to the filing of this federal case the state court assumed exclusive jurisdiction over the res (the subject premises) by entering a judgment of

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE
-2-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

restitution and orders relating to the subject premises. Thus, based on well-established legal doctrine and principles of comity, as will be addressed below, the state court has exclusive jurisdiction and this Court must decline jurisdiction in this case.

## II.   STATEMENT OF RELEVANT FACTS

In January 2010, Terracotta LLC, who was already in possession of the subject premises and paying Boyd monthly rent, paid Boyd January rent for the subject premises in the amount of $3,500. This rent was accepted by Boyd, but negotiations between Lewis Phon (Cecilia Mendez's bankruptcy attorney) and Boyd's counsel, S. Raye Mitchell, thereafter broke down over the terms of a contemplated new written lease agreement between Boyd and Terracotta LLC. (See Declaration of Erika Jordening in support of Defendants' Opposition to plaintiff's Application for TRO, Docket 25, hereafter "Jordening Declaration," which defendants incorporate herein by reference.)

On January 12, 2010, on behalf of Boyd, attorney S. Raye Mitchell served all occupants of the subject premises, including Cecilia Mendez and Terracotta LLC, with a 3-day notice to pay rent or quit. On January 25, 2010, S. Raye Mitchell filed a Complaint for Unlawful Detainer in Alameda County Superior Court, case no. RG 10495150, on behalf of Boyd and against Terracotta LLC, Cecilia Mendez, Mario Juarez, The Mario Juarez Selling Team, Fireside California Group and "all occupants." Ms. Mitchell verified under penalty of perjury that Cecilia Mendez and Terracotta LLC were occupants of the subject premises. On January 29, 2010, Lewis Phon, the attorney for Terracotta LLC and Cecilia Mendez, filed a demurrer to the complaint. On February 5, 2010, S. Raye Mitchell obtained a clerk's default judgment against Fireside California Group and Mario Juarez as holdover tenants, for possession only. On February 19, 2010, Boyd filed a voluntary dismissal of Mendez and Terracotta LLC. On February 19, 2010, the court vacated and set aside the defaults and quashed and recalled the writ of possession. (See Jordening Declaration, Docket 25.)

On February 25, 2010, Ms. Mitchell filed another Complaint for Unlawful Detainer on Boyd's behalf in Alameda County Superior Court, case no. RG10500488. In that action, Boyd named Fireside California Group, Mario Juarez and "The Mario Juarez Selling Team" as defendants. On April 22, 2010, Mario Juarez filed an answer, and, in June 2010, he filed

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-3-

a summary judgment motion. The hearing date for the summary judgment was set by the court for July 1, 2010. The day prior to the hearing, Boyd filed a request for dismissal of Mario Juarez. That same date, plaintiff's counsel, S. Raye Mitchell, obtained default judgments against Fireside California Group, Inc. and "The Mario Juarez Selling Team." (See Jordening Declaration, Docket 25.)

On July 9, 2010, the parties appeared before the court on defendants' Ex Parte Application to Quash the Writ and Recall the Clerk's Default Judgment. The court heard evidence submitted by Boyd's counsel, S. Raye Mitchell, that Cecilia Mendez and Terracotta LLC were the true tenants and occupants of the subject premises. As a result, the state court quashed Boyd's writ of possession, confirmed that Cecilia Mendez and Terracotta LLC were occupants of the subject premises, and required Boyd to obtain relief from the bankruptcy stay or a dismissal of the bankruptcy petition *and* a further state court order before seeking a writ of possession. The court entered its order quashing the writ of possession that same date. (See defendants' Request for Judicial Notice submitted herewith, "RJN" No. 3, Allman Declaration and Jordening Declaration, Docket 25.)

Instead of seeking leave of the Bankruptcy Court, and returning to state court to proceed against Ms. Mendez and Terracotta LLC, on July 16, 2010, Boyd filed Notice of Appeal in case no. RG10500488 of three separate "orders." One pertained to the state court's grant of summary judgment in favor of Mario Juarez. Boyd also appealed the July 9, 2010 Order Quashing the Writ of Possession (RJN No. 3) and an Order Recalling and Quashing the Writ of Possession that is not endorsed as filed. (See defendants' RJN No. 4, Allman Declaration.)

The next day, on July 17, 2010, plaintiff filed this action in federal court. The complaint herein alleges that "both Mendez and Juarez are occupants on the real property." (Docket no. 1, 3:7-8.) The complaint also alleges that "Boyd Real Property LLC brings this complaint to eject all the trespassing occupants from the property...." (Docket no. 1, 3: 21-22.) Boyd acknowledges that Cecilia Mendez is an occupant of the subject premises and that she is not named as a defendant in this action. (Docket no. 1, 3:24-28; 8:10-18.) The complaint further alleges that Mendez and Terracotta LLC "have not been named as

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-4-

defendants pending a Motion for Relief from Automatic Stay to be filed by plaintiff in the matter of the personal bankruptcy proceedings of Cecilia Mendez." (Docket no. 1, 3: 24-28; 8:10-18.) On September 7, 2010, plaintiff applied for a TRO to enjoin the occupants from entering the subject premises. (Docket 13.) On September 10, 2010, this Court entered its Order Denying TRO and OSC. (Docket 28.) On September 27, 2010, plaintiff filed its show cause response. (Docket 34.)  On October 4, 2010, plaintiff filed a motion in the Bankruptcy Court seeking relief from the automatic bankruptcy stay to proceed against Ms. Mendez and Terracotta LLC in both this federal court action and in the state court action. (RJN Nos. 6 and 7, Allman Declaration.)

## III.   LEGAL ANALYSIS

### A. This Court Must Decline Jurisdiction Because the State Court Has Exclusive Jurisdiction.

State and federal courts have concurrent jurisdiction. As was observed by the United States Supreme Court in *Kline v. Burke Const. Co.*, 260 U.S. 226, 230 (1922), "Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court." However, when a court—whether state or federal court—first acquires jurisdiction over property (a "res"), it is mandatory for the court of the other jurisdiction to not interfere and to decline jurisdiction. (See *Heidritter v. Elizabeth Oil Cloth Co.*, (1884) 112 U.S. 294, 305.) This is known at the exclusive jurisdiction doctrine, and it applies here.

As was noted in *State Engineer of the State of Nevada v. South Fork Band,* 339 F.3d 804 (9th Cir. 2003)(hereafter "*State Engineer*"):

> "If a court of competent jurisdiction, Federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property *is withdrawn from the jurisdiction of the courts of the other authority* as effectually as if the property had been entirely removed to the territory of another sovereignty." (*Id.* at 809.) (Emphasis in original)

> Although the doctrine "is based at least in part on considerations of comity," 14 *Federal Practice and Procedure* § 3631, at 12, and prudential policies of avoiding piecemeal litigation, *see, e.g., Colorado River,* 424 U.S. at 819, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation. *Palmer*, 212 U.S. at 125; *Hagan v.*

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-5-

*Lucas*, 35 U.S. (10 Pet.) 400, 403 (1836) ("[P]roperty *could not be subject to two jurisdictions* at the same time. The first levy, whether it were made under the federal or state authority, *withdraws the property from the reach of the process of the other*." (*Id.* at 810.)(Emphasis in original.)

In *Kline v. Burke Construction Company, supra* at 229, the Supreme Court held:

Where the action is *in rem* the effect is to draw to the federal court the possession or control, actual or potential, of the *res,* and the exercise by the state court of jurisdiction over the same *res* necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. *The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction.* (Emphasis in original).

Thus, where, as here, the jurisdiction of the state court has first attached, the federal court may not exercise jurisdiction over the same res and potentially impair the state court's jurisdiction. Boyd's suit effectively requests that this Court do just that. Although plaintiff also claims monetary damages in this action, the gravamen of the complaint is to eject the occupants and enjoin them from entering the subject premises. Thus, this suit cannot be considered strictly in personam. In *State Engineer, supra* at 811, the court noted that even where the action is quasi in rem, "the doctrine of prior exclusive jurisdiction fully applies." (*Ibid.*)

### B. Boyd's Explanation for Not Previously Disclosing To This Court the Existence of an Order Quashing the Writ of Possession Omits Material Facts.

Boyd argues that the existence of the order quashing the writ of possession is not a critical fact that should have been disclosed to this Court in connection with plaintiff's Application for TRO, because there is more than one order and the orders are "different and conflicting." (Show Cause Response, p. 3:19-21.) Plaintiff intimates that this conflict was discovered subsequent to this Court's Order Denying TRO and OSC. Not so.

This Court will recall that it made reference to plaintiff's "failure to mention what appears to be a critical fact" (i.e., the order quashing the writ of possession) in the papers

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-6-

submitted in support of plaintiff's Application for a TRO as a potential violation of FRCP, Rule 11. (Order Denying TRO and OSC, Docket 28, p.1.) Under the rubric "*Critical Updates Since Court Denied Plaintiff's Application for TRO*" in its show cause response, plaintiff provides an explanation for the failure to mention the quashing of the writ of possession. (Show Cause Response, p. 3, Docket 34.) The explanation is that plaintiff's counsel "was under the impression that the writ of possession was quashed based on clerical oversight" and "plaintiff's counsel failed to mention the administrative issue, as it did not appear to be substantive." (Show Cause Response, Docket 34, p. 3; Declaration of Mitchell, Docket 34-1, p. 3:1-2.) Following this explanation, plaintiff alleges, "Upon further investigation Plaintiff's counsel subsequently found two different and conflicting Court Orders dated July 9. 2010. Defendant appears to have produced one." (Show Cause Response, Docket 34, p. 3; Declaration of Mitchell, Doc 34-1, p. 3:5-6.)  Plaintiff thus intimates that the "different and conflicting" order quashing the writ of possession was found when defendants produced it in opposition to plaintiff's Application for a TRO. But, this is not correct. As of July 16, 2010, the day prior to the filing of this action, plaintiff had already appealed *both* orders in state court. (See RJN, Exhibits 2 and 5, Allman Declaration.) Moreover, even though both orders are *dated* July 9, 2010, only one of the orders was actually filed—the "clerical oversight" order was never entered and thus is not an operative order, much less a "conflicting" order. (See Allman Declaration.)

## III.   CONCLUSION

For all the foregoing reasons, it is respectfully submitted that Boyd has failed to show cause why this Court should exercise jurisdiction over this case. Admittedly "Plaintiff seeks via this federal action to remove the unlawful occupants." (Show Cause Response, Docket 34, p. 7:27.) Plaintiff thus seeks to do by way of trespass and ejectment claims in federal court what the state court's order quashing the writ of possession forbids her to do. Irrespective of the outcome of Boyd's appeal of that order or its motion for relief from the automatic stay in the bankruptcy proceedings of Ms. Mendez, the state court has already acquired jurisdiction over the subject premises.  Under established legal precedent, this Court must therefore decline jurisdiction.

OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE

-7-

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

1     Respectfully Submitted,

2     Dated:  October 12, 2010           ALLMAN & NIELSEN, P. C.

3

4                            By: _____/s/_____

5                                Sara B. Allman, Esq.
                                Attorneys for Defendants

6                                 MARIO JUAREZ, INDIVIDUALLY, and

7                                 erroneously sued herein as MARIO JUAREZ
                                SELLING TEAM, EDWIN RAMIREZ,

8                                 JENNIFER JUAREZ, AND JIMENA OLMOS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

**OPPOSITION OF MARIO JUAREZ, THE MARIO JUAREZ
SELLING TEAM, EDWIN RAMIREZ, JENNIFER JUAREZ, AND
JIMENA OLMOS TO PLAINTIFF'S RESPONSE TO ORDER TO
SHOW CAUSE**

ALLMAN & NIELSEN, P.C.
100 Larkspur Landing Circle, Suite 212
Larkspur, CA 94939
Telephone: 415.461.2700 Facsimile: 415.461.2726

-8-