S. R. Mitchell (SBN 172664)
Attorney at Law
1300 Clay Street Suite 600
Oakland, CA 94612
510.836.2097 (ph)/510.380.6431 (fax)
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Boyd Real Property LLC, a California limited liability company<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**The Mario Juarez Selling Team** (form of entity unknown); **Mario Juarez**, an individual; **The Neal Juarez LLC**, a California limited liability company; **Verdes Bio Fuel Company** (form of entity unknown):**American First Financial Corp**. a California corporation; **Fireside California Group**, a California corporation; **Francis Mabel Nunez**, an individual; **Erika Jordening**, an individual; **Edwin Ramirez**, an individual; **Jimena Olmos**, an individual; **Jennifer Juarez**, an individual; **Jose Ontiveros**, an individual; **Dario Laza**, an individual, **Fernando "El Carinoso" Martinez**; an individual, **Will Jimenez**, an individual **Adalberto "TITO" Gutierrez**, an individual, **Bernardo Villafuerte**, an individual, **Carmen Acosta**, an individual, **Delia Dorantes**, an individual, **Eleyna Felix**, an individual, **Enedina "Dina" Munguia**, an individual, **Ezequiel Zarate,** an individual, **Frank Coello**, an individual, **Gaberiel Ortiz,** an individual **Irma Reynoso,** an individual, **Jonathan Izazaga,** an individual, **Rosa Valencia**, an individual, **Rosalia Negron**, an individual, **Sonia Dominguez**, an individual,**Stephanie Candevan**, an individual, **Sue Mei**, an individual, **Wilfred Negron**, an individual **Does 1-10.**<br>　　　　Defendants. | Civil Case No.: C1003142 TEH ADR<br><br>**Plaintiff's Reply to Opposition of Mario Juarez, The Mario Juarez Selling Team, Edwin Ramirez, Jennifer Juarez, and Jimena Olmos to Plaintiff's Response to Order to Show Cause.**<br><br>**Response Date:**　　September 27, 2010<br><br>**Opposition Date:**　October 12, 2010<br><br>**Reply Date:**　　　　October 19, 2010 |

　　Under the doctrine set out in *Colorado River Water Conserv Dist v. United States*, 424 U.S. 800 (1976), dismissal of a parallel federal case is only warranted in "exceptional"

---

Plaintiff's Reply Opposition to Opposition to Response to　　　　1300 Clay Street Suite 600/Oakland, CA 94612

1  circumstances and nothing in this case constitutes "exceptional' circumstances.  This federal case
2  is not exceptional, however, the circumstances of the state court action are "highly irregular,
3  exceptional and unusual circumstances" that weigh in favor of the policy of enforcement of
4  Plaintiff's diversity jurisdiction claims in this Court.

5  This Court acquired original jurisdiction of this matter pursuant to 28 USC §§ 1332(a)
6  and Defendants present no legal or factual authority to defeat said jurisdiction.  The Supreme
7  Court in *Colorado River* reaffirmed the "virtually unflagging obligation of the federal courts to
8  exercise the jurisdiction given them." *Id*. at 817.

9  The Court said:

> Given this obligation, and the absence of weightier considerations of [established abstention doctrines], the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. *Id*. at 818.

Plaintiff is entitled to hear all of its claims in this court, avoid piecemeal litigation and to avoid unfair prejudice as out of state residents in a state court that has a file of documented irregularities sufficient to warrant the current referral and investigation by the Commission on Judicial Performance.  Plaintiffs should not be thrown out of federal court based on the facts of this case and in the interest of justice, the Court can, should and respectfully, must exercise jurisdiction over this diversity matter that proceeds.

This case is not a landlord tenant dispute; it is a case about damages form trespass, enjectment and the other state claims so identified in the Complaint filed July 19, 2010.

I.   Reply Statement of Facts

Defendants' opposition memorandum to Plaintiff Boyd Real Property LLC ("BRP") Response to Order to Show Cause seeks to distort the facts, omit material facts, and insert disputed facts.  In short, the instant case reached final judgment in the State Court action of Alameda County Superior Court Case. No RG10500488 and there is no appeal that will disturb

---

Plaintiff's Reply Opposition to Opposition to Response to        1300 Clay Street Suite 600/Oakland, CA 94612

said judgment.

Subsequent to the filing of Plaintiff's Response to Order to Show Cause on September 27, 2010, Plaintiff filed its opposition to the Disclosure Statement and Plan of Reorganization of non-party Cecilia Mendez in the US Bankruptcy Court. Plaintiff filed such to prevent any inadvertent res judicata as to any claims that Ms. Mendez or her company had any possessory interest in the property located at 4030A International Blvd. Oakland

***Appearance before Judge Bardwell, USDC Eastern District Bankruptcy Court***.

Furthermore, Plaintiff's counsel appeared at the hearing on September 29, 2010 and presented the Court with documented evidence that Cecilia Mendez and non-bankruptcy parties, including Mario Juarez, the Mario Juarez Selling Team (form of entity unknown), Ms. Mendez's attorney Lewis Phon and Erika Jordening were inappropriately utilizing the bankruptcy status of Debtor Cecilia Mendez to evade the execution of the July 1, 2010 Judgment for Restitution of Premises. Judge Bardwell stated that he was concerned about the "*gamesmenship*" and the inappropriate use of the bankruptcy proceedings in his Court by Debtor Mendez as a "sword and a shield." Judge Bardwell granted an oral request for an Order Shortening Time to file a Motion for Relief From Automatic Stay to prevent any further misuse by the Debtor or others of the bankruptcy proceedings. See Declaration of S. Raye Mitchell.

The matter proceeded to hearing and a Court Order issued October 14, 2010. Plaintiff made an additional request for relief to name Cecilia Mendez in this instant case in the event she is named as an indispensable defendant. She has not been deemed an indispensable defendant as of yet, Defendants have not moved the bankruptcy court to name her in this action and they have not moved this Court for a determination that she is an indispensable defendant, thus the court denied the motion without prejudice. See Declaration of S. Raye Mitchell.

**Defendants' Contrived Efforts to Allege Plaintiff Omitted Material Facts**

_____

Seizing upon the words of the Court in the Order Denying Application for Temporary restraining Order, Defendants attempt to argue that Plaintiffs have omitted material facts in its response to the OSC. Defendants allege that Plaintiff failed to reference the TRO of Mario Juarez, but present no facts that Plaintiff's counsel had any such knowledge of such document.

Next, Defendants' counsel alleges that Plaintiffs did not directly disclose that there is an appeal of the conflicting post judgment orders and alleges that Plaintiff's knew there were conflicting orders. Defendants present no supporting facts. Defendants offer no legal or factual evidence that the Judgment for Restitution of Premises is subject to appeal or has been appealed. The Judgment is final and thus there is nothing pending in the state court that is subject to further factual findings or conclusions of law as to the subject of right of restitution of the rental space located at 4030A International Blvd Oakland, CA. Furthermore, Defendants simply ignore that the Complaint in this case alleges substantially more than two causes of action for trespass and ejectment.

The Judgment for Restitution of Premises is final and there is no state court action pending that operates to reverse said judgment. The state court action concerned a limited jurisdiction summary proceeding concerning landlord tenant issues. Nothing in California legal authority prevents the real property owner form pursuing a civil action based on trespass and ejectment as to the same real property. A civil cause of action for ejectment and trespass cannot be joined in summary proceedings to recover possession under CCP § 1152 et seq. To do so would defeat the nature of the summary proceedings afforded landlords.

## II.   ARGUMENT & ISSUES RAISED IN ORDER TO SHOW CAUSE

The Court's Order to Show Cause raised two issues:

**a)   Why this Court can and should exercise jurisdiction over a case that appears to have related state court proceedings.**

---

b)      Why this Court can and should exercise jurisdiction over a case that appears to have related bankruptcy court proceedings.

Defendants do not introduce any facts or legal authority that defeats this Court's original diversity jurisdiction and puts at issue the matter of "can this Court exercise jurisdiction." While, the Defendants making passing reference to *Colorado River*, Defendants do not provide any analysis supporting adoption of the abstention doctrine in this case.

Defendants do not provide any fact or legal analysis addressing the second prong of the Court's inquiry concerning the bankruptcy action of Cecilia Mendez, who is not a party to this action and has not been deemed an indispensable party to this action.

## II.      REPLY ARGUMENT

### A.   THIS COURT HAS A DUTY TO ADJUDICATE MATTERS PROPERLY BEFORE IT AND ABSTENTION IS NOT WARRANTED IN THIS CASE.

Defendants make passing reference to *Colorado River*, but provide no further analysis of *Colorado River*. See MPA in Opposition to Reply 5:30-31. Application of the analysis of *Colorado River* weighs heavily in favor of the matter remaining with this Court.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Colorado River* quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U. S. 185, 360 U. S. 188-189 (1959).

---

The Court in *Colorado River* expressly stated the circumstances upon which the Court to abstain from exercise of matters properly before it. "[I]t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." The Court stated that "[o]ur decisions have confined the circumstances appropriate for abstention to three general categories:

> (a) Abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." [internal citations omitted].
>
> (b) Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. [internal citations omitted]
>
> (c) Finally, abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings [internal citations omitted.]"

None of the above facts are present in this case and Defendants introduce no facts to invoke the "exceptional circumstances" that would or could compel this Court to abandon its duty to adjudicate a matter properly before it pursuant to diversity jurisdiction.

**B.  THE JUDGMENT IN THE STATE COURT ACTION IS FINAL AND DEFENDANTS INTRODUCE NO FACTS OTHERWISE AND IGNORE THAT THE MAJORITY OF PLAINTIFF'S CLAIMS ARE NOT THE SUBJECT OF ANY STATE COURT ACTION.**

Defendants' opposition completely ignores the nature of the state court action as one of a limited jurisdiction landlord tenant action that has been reduced to **final judgment**. Defendants introduce no facts or legal argument that the Judgment for Restitution of Premises is not final or sufficiently firm or that the pending appeal of post judgment orders disturb the judgment. It is undisputed that there is a final Judgment in Plaintiff's State Court action and the judgment is not subject to appeal or review as the statute of limitations has expired to file an appeal of the

judgment. Ultimately, the status of the appeal as to the post judgment orders will have no legal no legal relevance on a tort claim for trespass and ejectment. The Judgment granting Plaintiff restitution of its property under any landlord-tenant theory is final and subject to res judicata as to the issue of the property and the right to possession of the subject property. Such right is not subject to further adjudication in any court and is not pending in any state court action. The federal rule is that "a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition." *Martin v. Martin* (1970) 2 Cal.3d 752, 761, citing *Stoll v. Gottlieb*, 305 U.S. 165, 170 (1938).

      In this case, the issues germane to possession and right of possession have been set as final and there are no further issues to decide in the state court action. Defendants offer no analysis otherwise. Plaintiff cannot go back to state court in this action and adjudicate a claim of trespass and ejectment along with the other causes of action.

      Furthermore, Defendants comply ignore and provide no opposition to Plaintiff's showing that the state court action does not appear to meet the definition of a related action. In deed, this federal action involves the removal of the named defendants from the subject property after a judgment has been rendered, among other claims, and is not an action (as is the state action) as to restitution of the premises. The state court had limited jurisdiction during the pendency of the unlawful detainer action and that jurisdiction has concluded. A final judgment concludes jurisdiction and Defendants offer no legal analysis otherwise.

      This instant case is an action in tort, where as the state court action, now final, is a statutory action concerning the right of restitution of the premises. The issue of restitution has concluded and none of the defendants have any rights to possession of the property and the matter is ripe for summary judgment or judgment on the pleadings.

1  **C.  THE EXISTENCE OF TWO CONFLICTING POST JUDGMENT ORDERS, NEITHER OF WHICH VACATE THE JUDGMENT ONLY RAISES ISSUES AS WHETHER THE PLAINTIFF CAN IN FACT OBTAIN A FAIR TRIAL IN THE STATE COURT. POLICY FAVORS EXERCISE OF THE ORIGINAL DIVERSITY JURISDICTION TO PROTECT OUT OF STATE PLAINTIFFS.**

Defendants dispute that Plaintiff's counsel was unaware of the Court Order Defendants presented to this Court in the opposition to the Ex Parte Application. Defendants offer no competent evidence and merely attempts to seize upon the Court's reference to "Plaintiff's failure to mention what appears to be a critical fact" yet Plaintiff's counsel explained to the Court it did not have the same information and the information that Plaintiff's counsel had did not appear to be a critical fact. Defendants cite to an appeal of two orders, Defendants do not and cannot support the inference that Plaintiff's counsel know of two different orders, one was directed to the Alameda county Sheriff and the other was not, however, nothing gives rise to the presumption and expectation that a court would issue two conflicting court orders on the same date.

In the state court case, there is something and unusual and smells of "foul play." The matter of two conflicting court orders, no notice of such and the legality of the orders have been referred to the Commission on Judicial Performance. See Declaration of S. Raye Mitchell. The federal policy of diversity jurisdiction to protect out of state plaintiff from local bias would be destroyed if Plaintiffs are not permitted to exercise their rights to original diversity jurisdiction to have all of their claims hear in this matter and avoid piecemeal litigation. Defendants offer no legal or factual basis otherwise.

### III.   CONCLUSION

Defendants simply want to ignore a final judgment and have this court oust Plaintiff's

---

Plaintiff's Reply Opposition to Opposition to Response to                1300 Clay Street Suite 600/Oakland, CA 94612

properly filed complaint based on original diversity jurisdiction. There are no facts in this case that renders abstention appropriate. There are no facts produced by Defendants that there is in deed a pending related state court action. There is none. This case is not strictly about trespass and ejectment. None of Plaintiff's claims are pending in the state court and the action pending in the state court appellate division is remotely related to the matters before this case. There is a final judgment in the state court action and this case should proceed in federal court.

Lastly, no defendant in this matter has a proceeding pending in the US Bankruptcy Court. Cecilia Mendez is not a party to this action and neither is her company Terracotta LLC and there are no plans to make her a party to this action at this time. To the extent that any defendant alleges that she is an indispensable party, they are free to file such motions as permitted to determine such.

Respectfully submitted,

Dated: October 19, 2010             /s/ S. Raye Mitchell
                                    S. Raye Mitchell
                                    Attorneys for Plaintiff