IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYD REAL PROPERTY, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE MARIO JUAREZ SELLING TEAM, et al.,<br><br>　　　　　Defendants. | NO. C10-3142 TEH<br><br>ORDER DISMISSING CASE |

　　　　On September 10, 2010, this Court ordered Plaintiff to show cause as to why the Court has jurisdiction over this case given pending related proceedings in other courts. Plaintiff submitted a timely response to the order to show cause, followed by a timely opposition by Defendants and a timely reply by Plaintiff. After having carefully reviewed the parties' arguments, the record in this case, and governing law, the Court concludes that it must decline to exercise jurisdiction over this case for the reasons discussed below.

　　　　As an initial matter, the parties do not now dispute that diversity jurisdiction exists in this case. Defendants initially filed a motion to remand based on lack of diversity of citizenship, but that motion was never re-noticed after this matter was reassigned to this Court. In addition, upon the Court's own initial review of the record, it appears that the requirements for diversity jurisdiction are satisfied.

That conclusion, however, does not end the Court's jurisdictional inquiry given the ongoing state court proceedings concerning the property at the heart of this case. Plaintiff concedes that the subject property in this case is the same as the subject property in an earlier unlawful detainer action filed by Plaintiff in state court. In that state action, Plaintiff has appealed "the Order Granting Summary Judgment to Dismissed Party Mario Juarez dated July 2, 2010, and the Order of the Court to Recall and Quash Write [sic] of Possession and Order Recalling Writ dated July 9, 2010." Ex. 2 to Defs.' Req. for Judicial Notice. Plaintiff asserts that these appeals have no ability to disturb or alter the judgment, but Plaintiff has not persuaded the Court to reject the general rule that post-judgment appeals render a proceeding ongoing.

Moreover, an unlawful detainer action is *quasi in rem*. *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1057 (E.D. Cal. 2009). As a result, and because the state-court proceedings were initiated before this federal case was filed, exclusive jurisdiction over the subject property lies with the state court. *Id.* at 1057-58 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456 (1939), and *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587 (9th Cir. 1992)). It "is no mere discretionary abstention rule" that the first court to take possession or obtain jurisdiction over property exercises exclusive jurisdiction over that property; "it is a mandatory jurisdictional limitation." *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nev.*, 339 F.3d 804, 809-10 (9th Cir. 2003). Although Plaintiff's reply argued in the most general terms that *Colorado River* abstention should be invoked only in exceptional circumstances, it failed to address the exclusive jurisdiction argument raised by Defendants concerning *in rem* or *quasi in rem* actions. In the absence of any such argument, and in light of the precedent cited above, this Court concludes that the ongoing, earlier-filed proceeding in state court deprives this Court of jurisdiction over the property at issue, as well as over all related state claims, and dismissal is therefore proper. *Scherbenske v. Wachovia Mortg., FSB*, Case No. Civ. S-09-0717 LKK/KJM, 2009 U.S. Dist. LEXIS 50081, at *1 (E.D. Cal. June 15, 2009).

Accordingly, with good cause appearing, this case is DISMISSED without prejudice for lack of jurisdiction. The Clerk shall vacate all pending motions and deadlines and close the file.

**IT IS SO ORDERED.**

Dated: 11/08/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT